[L. A. No. 22899. In Bank. May 27, 1955.]

CITY OF LONG BEACH, Respondent, v. PACIFIC ELECTRIC RAILWAY COMPANY (a Corporation), Appellant.

C. W. Cornell, E. D. Yeomans, Roger M. Sullivan and Randolph Karr for Appellant.

Walhfred Jacobson, City Attorney, and Joseph B. Lamb, Assistant City Attorney, for Respondent.

SHENK, J.—This is an appeal from a judgment granting a nominal award of one dollar in a condemnation proceeding.

The defendant Pacific Electric Railway Company, hereinafter referred to as the company, is an interurban electric railway corporation. It has a right of way for its tracks along Long Beach Boulevard, a street running north and south in the city of Long Beach and intersecting Willow Street, a street running east and west. It owns an easement for "railroad purposes" on a tract of land located at the northeast corner of the intersection of Long Beach Boulevard and Willow Street. Beginning at Willow Street the easement runs more or less parallel with the company's tracks on Long Beach Boulevard. Nowhere in the record does a precise description of the easement appear, but such a description is not essential to the determination of this appeal.

On January 30, 1951, the Long Beach city council adopted a resolution of intention to widen Willow Street by moving its northern line 20 feet further north over a portion of the area here involved. The strip sought for widening Willow Street was a part of the company's easement but did not cross its tracks.

The company leased part of its easement, including the 20-foot strip, to a lumber company which operated and owned a building on the property. For the purpose of providing freight transportation for its lessee, the company maintained a spur track on the leased portion of the easement. For its own purposes, the company maintained two poles and connecting overhead facilities on the strip of land in question. At the time of the trial the lumber company building had been removed. Counsel for the company stated that the building removal resulted from negotiations between the city and the lumber company.

By this proceeding, commenced on February 19, 1951, the city of Long Beach sought to obtain an easement for street purposes over the 20-foot strip. The dispute is over the amount of compensation. The city's theory would require the payment of a nominal sum only for the proposed easement. The company maintains that it is entitled to recover the value of the property taken and the cost of moving and relocating the poles and overhead facilities required by the taking. It was stipulated by and between the parties: "That if the property over which plaintiff seeks to acquire an easement for street purposes is to be valued by the Court at other than a nominal valuation . . . the value thereof shall be fixed at the sum of . . . $2,150.00" and "That the widening of Willow Street as proposed will require relocation of two poles and connecting overhead facilities of . . . Pacific Electric . . . at a cost of . . . $914.00, but will not require any other structural changes in the facilities of the defendants."

The trial court found that public convenience and necessity required the widening of Willow Street by the 20-foot strip; that the city sought the easement for such use; that this was a public use; that subject to the right of the company to operate a railway over the strip the city was entitled to be awarded an easement over the strip; that "the use of said property for street purposes as proposed by the plaintiff will not interfere with its use for railroad tracks and the railroad can exist with the street in place as proposed, except that the area available for use by the defendant Pacific Electric

Railway Company for purposes other than railroad tracks is reduced by the amount of area to be taken for a street''; that the company is entitled to one dollar for damages because of the taking of the easement, and that it is not entitled to any damages by reason of the structural changes required by the taking. Judgment was entered accordingly.

The city contends that a public body should be required to pay nominal damages only for an extension of a street across a railroad right of way and that this rule also applies to a widening. The city argues that since the company does not own the fee of the property here involved the entire extent of its easement is a ''right of way''; that this right of way may be used only for railroad purposes; that railroad purposes as to this particular easement do not include commercial uses and are here restricted to the use and maintenance of tracks; that the trial court properly awarded nominal damages only for the taking of the easement by the city, and that the court's refusal to award damages for the structural changes required by the taking was proper.

The company contends that the judgment is erroneous as a matter of law; that there is no evidence to support the trial court's finding that the taking here involved was a lateral rather than a longitudinal one; that under the facts it was entitled to full compensation for the property taken because it had the right to use the property, and the property was being used for a commercial purpose relating to the railroad's business, and that it was entitled to damages for having to relocate its poles and overhead facilities away from the 20-foot stretch.

It is noted that the company is claiming for the first time on this appeal that it owns the fee of the entire parcel here under consideration. The basis for this claim is that the deeds by which it acquired its interest in the property and which are in evidence contain language supporting such a construction. However, the stipulation entered into between the city and the company states: ''That the property sought to be acquired by plaintiff is now owned by Long Beach Amusement Co., a corporation, subject to the easement of defendant Pacific Electric Company, a corporation, for railroad purposes'' and in view of the stipulation, which should be deemed binding on the company, the consideration of this question on appeal becomes unnecessary. The pleadings, findings and judgment speak in terms of an easement.

■ Where a city seeks to condemn an easement for street

purposes *across* railroad tracks or a right of way, the general rule requires nominal compensation only. In *City of Oakland* v. *Schenck,* 197 Cal. 456, this court said at page 460 [241 P. 545] that "... one of the incidents of the public use to which a railroad company dedicates its property used as a right of way is the right of the public to construct street crossings wherever and whenever reasonably necessary. . . . . If the opening of the street across the railroad tracks in this case does not unduly interfere with the companies' use for legitimate railroad purposes, then their compensation should be nominal." In the ordinary case when a street is laid out across railroad tracks little if any damage is suffered by the railroad because it can continue to use them as before.

But a railroad may use its right of way for many commercial purposes unless specifically prevented from so doing. For example, the following uses for a railroad right of way have been held to be proper since they contribute to the railroad's business: a sawmill, lumber shed, store or boarding house (*Grand Trunk R.R.* v. *Richardson,* 91 U.S. 454 [23 L.Ed. 356]); a manufacturing company (*Michigan Cent. R. Co.* v. *Bullard,* 120 Mich. 416 [79 N.W. 635]); a grain elevator and warehouse (*Gurney* v. *Minneapolis Union Elevator Co.,* 63 Minn. 70 [65 N.W. 136, 30 L.R.A. 534]); a lumber yard, corn crib, grain elevator and warehouses (*Illinois Cent. R. Co.* v. *Wathen,* 17 Ill.App. 582).

Since railroads may use their rights of way for certain commercial activities, the taking of a portion of it which is being used, or is capable of being used, for commercial purposes in order to create or extend a public street, ordinarily would cause more than nominal damage to the railroad.

As noted, there is a distinction between taking an easement for street purposes over existing tracks, where the use of the tracks is not impaired, and the taking of an easement properly used or usable for other purposes by a railroad. In *City of Oakland* v. *Schenck, supra,* 197 Cal. 456, it is stated at page 467, quoting from Elliott on Railroads: " 'The right to take longitudinally is very different from the mere right to cross, for in the one case the rights of the railway company are materially impaired, while in the other the taking is such that both uses can stand together.' "

In the present case it is undisputed that the easement for street purposes sought by the city does not cross the company's tracks; and that the land proposed to be taken was or had been used by the company's lessee as a lumber

yard. It is clear that the taking of the 20-foot strip for street purposes prevents the company from leasing that land for a lumber yard or other proper purpose. Under these circumstances the company's use of its easement is materially impaired and it should be entitled to receive more than nominal compensation for the taking.

The cost of relocating the poles and overhead facilities should also be included as damages. It appears without question that the structural changes will be required if the property is taken.

It thus appears that the trial court erred in not awarding damages to the company for the value of the property sought to be taken and for the cost of the structural changes made necessary by the taking. While the parties have stipulated to these amounts, there is no accurate description of the property in the record. A correct description thereof should be included in the judgment.

The judgment is reversed with directions to the trial court to enter a judgment of condemnation correctly describing the property to be taken, with compensation therefor, and for the cost of structural changes, as specified in the stipulation of the parties.

Gibson, C. J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.