[Civ. No. 20627. First Dist., Div. Three. Sept. 4, 1963.]

McMAHAN'S FURNITURE COMPANY et al., Plaintiffs and Respondents, v. CITY OF PACIFIC GROVE et al., Defendants and Appellants.

Henry I. Jorgensen, City Attorney, for Defendants and Appellants.

William C. Marsh, City Attorney (Monterey), and John W. Morse, City Attorney (Carmel), as Amici Curiae on behalf of Defendants and Appellants.

Gill & Morris and Theodore G. Morris for Plaintiffs and Respondents.

DRAPER, P. J.—Defendants, a charter city and its officials, appeal from decree permanently enjoining enforcement of those portions of an ordinance which prohibit erection and maintenance of any sign which projects more than 24 inches from the building to which it is attached or extends more than 14 inches over a public way. Plaintiffs are merchants whose businesses have overhanging signs exceeding

these limits, all but one erected before adoption of the ordinance in 1955. All have exhausted their administrative remedies by applying for variances. It is stipulated that the city has denied all applications for variance, whether by plaintiffs or others.

The trial court found that the ordinance has no reasonable relation to the public health, safety or welfare. As to such findings, we do not look to the substantial evidence rule (*Skyline Materials, Inc.* v. *City of Belmont,* 198 Cal.App.2d 449, 455 [18 Cal.Rptr. 95]). ██ Rather, we are bound by the rule that determination of the wisdom and necessity for use of the police power is for the legislative body if the reasonableness of the ordinance is debatable (*Lockard* v. *City of Los Angeles,* 33 Cal.2d 453, 461 [202 P.2d 38, 7 A.L.R.2d 990]), or if reasonable minds might differ on the question (*Justesen's Food Stores, Inc.* v. *City of Tulare,* 43 Cal.App.2d 616, 621 [111 P.2d 424]). Moreover, the Legislature has authorized city councils to regulate exhibition and suspension of signs (Gov. Code, § 38774), and the Charter of Pacific Grove has reserved to the city, as it may (Cal. Const., art. XI, § 6), the powers granted by general law. We need not discuss this contention in greater detail, since plaintiffs-respondents now concede that the council has power to regulate overhanging signs.

Plaintiffs' essential reliance is upon the trial court's determination that the ordinance is arbitrary, unreasonable and discriminatory in classifying as permissible those signs which do not project more than 14 and 24 inches, and prohibiting those of greater overhang.

██ Preliminarily, we must note plaintiffs' argument that the safety feature cannot be considered because of the stipulation at pretrial that "the ordinance will be enforced not because the signs are unsafe or have any unusual characteristics except that they deviate from those permitted by the ordinance." In the context of the pretrial order, it is apparent that "the signs" refer to the signs of plaintiffs, rather than to all possible overhanging signs, and that the stipulation was only to eliminate any issue that these existing signs are abatable as nuisances (Gov. Code, § 38773) because of faulty construction, inadequate mooring, or other existing defect. It is apparent that the stipulation did not unduly restrict trial of issues relating to safety factors of overhanging signs in general. Plaintiffs' counsel himself brought out from the

city building inspector that wind had snapped a guy wire of one overhanging sign. The trial judge, in his memorandum opinion, stated that signs would be as hazardous if within the ordinance limits. The court found that overhanging signs are not unsafe and are a lesser traffic hazard than flat signs. Thus we do not give the stipulation the broad sweep for which plaintiffs contend, and are free to consider safety factors generally in determining the issue of discrimination.

The classification made by the ordinance is valid if it is " 'based upon some distinction, natural, intrinsic, or constitutional, which suggests a reason for and justifies the particular legislation,' " and is unconstitutional only if it imposes peculiar restrictions upon a class arbitrarily selected (*City of Santa Barbara* v. *Modern Neon Sign Co.*, 189 Cal. App.2d 188, 193 [11 Cal.Rptr. 57], and cases there cited).

The presumptions are in favor of the legislative determination (*Lockard* v. *City of Los Angeles, supra,* 33 Cal.2d 453).

It is completely apparent that at some point an overhanging sign does become a danger. It has been judicially recognized that signs overhanging sidewalks are potential hazards to users of sidewalks and streets and may impede the work of those fighting a fire in a building to which such a sign is attached (*Franklin Furniture Co.* v. *City of Bridgeport,* 142 Conn. 510 [115 A.2d 435]). Obviously, in wind and earthquake the degree of hazard would be increased.

Few would question that a sign extending some extreme distance over sidewalk and street from the building to which it is moored is a potential hazard. Plaintiffs, however, argue that the limitation to 14 inches over a public way, or 24 inches in any case, is arbitrarily unreasonable. But, as in zoning cases, the line must be drawn somewhere, and that determination is primarily for the legislative body (*Lockard* v. *City of Los Angeles, supra,* 33 Cal.2d 453, 464-465). That body has fixed the danger point at 14 inches and 24 inches. Whether we agree with the trial judge that this is unwise is irrelevant. At some point of its extension from the building to which it is attached, an overhanging sign does become a potential danger. The law affords us no tape by which we can measure that distance in inches, and the respect due the coordinate legislative branch of government constrains the courts to declare such a legislative act unconstitutional only when it is clearly unreasonable.

There is also evidence that projecting signs tend to obscure each other, thus encouraging a race to expand their size, with resultant detriment to the general welfare by decreasing property values generally. This evidence also warrants placing some limit upon the permitted projection of such signs.

The council has acted in a field clearly within its police power. It has fixed projection limits which it deems reasonable. Since the presumptions favor the determination of the council (*Lockard* v. *City of Los Angeles, supra,* 33 Cal.2d 453), plaintiffs had the burden of showing the classification unreasonable. They offered no evidence of engineering or planning experts, but relied on the opinions of owners of signs violating the ordinance that they are no more dangerous or offensive than those permitted. This clash of lay opinion offers no sound ground for holding the ordinance classification unconstitutional.

We find no merit in plaintiffs' argument that the ordinance is discriminatory in failing to regulate roof top signs and flat signs, which are also claimed to be dangerous. There is an obvious distinction between such signs and overhanging signs. A legislative body may "eliminate some of the causes of an evil without attacking all of them . . ." (*Allied Properties* v. *Department of Alcoholic Beverage Control,* 53 Cal.2d 141, 148-149 [346 P.2d 737]).

While this ordinance requires removal of existing signs some 64 months after its adoption, plaintiffs do not specifically attack this provision. In any event, such provision is valid if the amortization period allowed is reasonable (*City of Los Angeles* v. *Gage,* 127 Cal.App.2d 442 [274 P.2d 34]). Here plaintiffs not only failed to offer any evidence of cost of their signs, dates of construction, and value of remaining useful life, but objected successfully to evidence offered by defendant in this field. Since plaintiffs had the burden of showing the amortization period to be unreasonable, they cannot urge that issue here (*National Advertising Co.* v. *County of Monterey,* 211 Cal.App.2d 375, 381 [27 Cal.Rptr. 136]).

Judgment reversed.

Salsman, J., and Devine, J., concurred.