[Civ. No. 28191. First Dist., Div. Two. June 15, 1970.]

BURKE CONCRETE ACCESSORIES, INC., Petitioner, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY OF
SAN FRANCISCO, Respondent;
WHITELEY TOLSON et al., Real Parties in Interest.

## COUNSEL

Bancroft, Avery & McAlister, Luther J. Avery, Edmond G. Thiede and Sandra J. Shapiro for Petitioner.

No appearance for Respondent.

Bronson, Bronson & McKinnon and Paul H. Cyril for Real Parties in Interest.

## OPINION

**TAYLOR, J.**—Petitioner, plaintiff in an action to obtain indemnity from its insurers, asks for a writ of mandate to set aside an order of respondent court denying its motion for a partial summary judgment. Real party insurers, defendants in the action, contend in their opposition to plaintiff's petition that their own motion for partial summary judgment should have been granted. The trial court denied both motions without opinion.[1]

On the motions before the trial court, *the facts were stipulated to between the parties,* and the trial judge was left with the sole legal question as to whether or not defendant insurers were obligated, under the terms of the policy, to recompense insured plaintiff, a "snap plugs" manufacturer, for

---

[1] It is assumed that the court's order denying the motion as to defendant, Whiteley Tolson, an insurer, while in the singular, included also defendant, Rathbone, King & Seeley, agent of defendant, Whiteley Tolson, since the motion for summary judgment was brought on behalf of both defendants.

expenses plaintiff incurred to two construction firms for the removal of some of its own defective products from some concrete walls.[2]

■   Where it appears by agreement or otherwise that there is no material issue of fact to be tried and that the sole question remaining before the trial court is one of law as to whether the claim of the moving party is tenable on the undisputed facts, it is the duty of the trial court on a motion for a summary judgment to hear and determine the issue of law (*Wilson* v. *Wilson,* 54 Cal.2d 264, 269 [5 Cal.Rptr. 317, 352 P.2d 725]; cf. *Jones-Hamilton Co.* v. *Franchise Tax Board,* 268 Cal.App.2d 343, 347 [73 Cal.Rptr. 896]; *Exchequer Accept. Corp.* v. *Alexander,* 271 Cal.App.2d 1, 13 [76 Cal.Rptr. 328]; *Doyle* v. *Hibernia Bank,* 156 Cal.App.2d 16, 20 [319 P.2d 412]; *Bank of America* v. *Casady,* 15 Cal.App.2d 163, 168 [59 P.2d 444]).

■   Thus, in this case, the denial of both motions by the trial judge constituted an abuse of the court's discretion and mandamus has been held to be the proper remedy (*Kaiser Foundation Hospitals* v. *Superior Court,* 254 Cal.App.2d 327, 331-332 [62 Cal.Rptr. 330]; *Bank of America* v. *Superior Court,* 4 Cal.App.3d 435, 442 [84 Cal.Rptr. 421]).

Let a peremptory writ of mandamus issue directing respondent court to set aside its order of April 17, 1970, and to decide the issue of law involved in this case and thus to grant a motion for summary judgment to one of the parties and deny it as to the other.

Shoemaker, P. J., and Agee, J., concurred.

---

[2]Defendants had insured plaintiff against liability "arising from any cause whatsoever out of the operations, activities, work and/or business of the Assured," with the following exclusionary clause:

"3. EXCLUSIONS. This Certificate DOES NOT COVER LIABILITY: . . .

"D. For claims made against the Assured:

"1. For *repairing or replacing any defective product or products manufactured, sold or supplied by the Assured* or any defective part or parts thereof nor for the cost of such repair or replacement, or . . ." (Italics added.)