[Civ. No. 43320. Second Dist., Div. Three. Oct. 31, 1974.]

BILLY J. PITTMAN et al., Plaintiffs and Appellants, v.
PEDRO PETROLEUM CORPORATION et al.,
Defendants and Respondents.

**COUNSEL**

Demler, Perona, Langer, Bergkvist, Lauchengco & Lewine and James T. Perona for Plaintiffs and Appellants.

Barnes, Schag, Johnson, Kennedy & Carlson, Gregory R. Harris, James E. Cusick, Herbert S. Brumer, and Jerold V. Goldstein for Defendants and Respondents.

**OPINION**

**ALLPORT, J.**—Plaintiffs, father and mother respectively of Keith Pittman, a minor aged 13 years, filed this action for the wrongful death of their son. It is alleged that as a result of defendants' negligence in failing to properly enclose an oil well derrick owned and operated by them, the minor was permitted to climb upon and fall therefrom receiving injuries which resulted in his death. In their answer defendants alleged, among other things, affirmative defenses of contributory negligence and assumption of risk.

Motions for summary judgment were granted on May 15, 1973, in favor of defendants and an order dismissing the action was filed May 24, 1973. On July 17, 1973, plaintiffs filed a notice of appeal, etc., from the "Summary Judgment and Order of Dismissal entered May 24, 1973." On August 21, 1973, a formal judgment was entered in favor of defendants. Despite the irregularities noted we shall deem the appeal to have been properly taken from the summary judgment. (Code Civ. Proc., § 437c; rule 1(a), Cal. Rules of Court.)

It is contended on appeal that the trial court's misconception of the summary judgment procedure deprived plaintiffs of a fair trial in that de-

fendants' showing made in support of the motion did not reveal any substantial evidence to carry their burden of proving that the minor was guilty of contributory negligence or assumed the risk involved in the undertaking.

### Facts

The motion for summary judgment was based upon the pleadings, interrogatories and answers thereto and upon the affidavit of Ronald Carrico, a witness to the incident. No counteraffidavits were filed. The record thus presented establishes without conflict that on September 25, 1971, at about 3:30 p.m. Keith and Ronald went upon defendants' premises and climbed up a metal ladder leading from the ground to the top of an oil drilling derrick under defendants' control. In descending Keith went first followed by Ronald. Upon reaching a point some 20 feet from the ground Ronald noticed Keith lying on the ground. It is unknown as to what actually caused Keith to fall. The only defect in the ladder was, as disclosed by plaintiffs' answers to defendant Pedro's first set of interrogatories, that "You had ladders on the derrick extending to the ground, clearly inviting impulsive children to climb." Deceased was considered by his parents to be both bright and academically talented. Apparently he was in full possession of his mental and physical faculties. For purposes of the motions defendants admitted negligence but contended that the foregoing established contributory negligence and assumption of risk. In granting the motion the trial court did not specify the grounds but it would appear that it was impressed with the existence of contributory negligence.

### Discussion

Summary judgment procedure is authorized by Code of Civil Procedure section 437c. ■ While it is true, as stated by plaintiffs, that the remedy of summary judgment has been characterized as being a "drastic procedure to be used sparingly and with circumspection" (*Jack* v. *Wood,* 258 Cal.App.2d 639, 645-646 [65 Cal.Rptr. 856]) and that the burden is on the moving party to establish that the action is without merit (*Rowland* v. *Christian,* 69 Cal.2d 108, 111 [70 Cal.Rptr. 97, 443 P.2d 561, 32 A.L.R. 3d 496]; *Canifax* v. *Hercules Powder Co.,* 237 Cal.App.2d 44, 49-50 [46 Cal.Rptr. 552]), where there is no material issue of fact to be tried and the sole question before the trial court is one of law as to whether the claim of the moving party is tenable on the undisputed facts, it is the duty of the trial court on a motion for summary judgment to hear and determine the issue of law. (*Burke Concrete Accessories, Inc.* v. *Superior Court,* 8 Cal.App.3d 773, 775 [87 Cal.Rptr. 619].)

With respect to assumption of risk the burden of proof rests on defendant to establish by a preponderance of the evidence (1) plaintiff's conscious assumption of the risk which, in the case of a juvenile, encompasses his capacity to realize and appreciate the risk, and (2) the risk which plaintiff assumed was the one that proximately caused the injury. (*Beard* v. *Atchison, Topeka & Santa Fe Ry. Co.,* 4 Cal.App.3d 129, 138 [84 Cal.Rptr. 449].) In *Vierra* v. *Fifth Avenue Rental Service,* 60 Cal.2d 266, 271 [32 Cal.Rptr. 193, 383 P.2d 777], it was said, "Stated another way, before the doctrine [assumption of risk] is applicable, the victim must have not only general knowledge of a danger, but must have knowledge of the particular danger, that is, *knowledge of the magnitude of the risk involved.*" (Italics added.) The court went on to say: "Ordinarily the plaintiff will not be taken to assume any risk of conditions or activities of which he is ignorant. Furthermore, he must not only know of the facts which create the danger, but he must comprehend and appreciate the danger itself. . . . If because of age, or lack of information or experience, he does not comprehend the risk involved in a known situation, he will not be taken to consent to assume it."

The record in the instant case discloses that the proximate cause of the accident was simply the climbing of and falling from a ladder. While it is forcefully suggested, and not without merit, that assumption of risk should operate to relieve defendants of liability as a matter of law, we hesitate to base our decision upon an application of that doctrine in this case. While it is true that there is nothing uncommon about a ladder and that the danger of falling from one is familiar to children as well as adults (*Doyle* v. *Pacific Elec. Ry. Co.,* 6 Cal.2d 550, 553 [59 P.2d 93]), the age of decedent and the character of the ladder involved render the realization and appreciation of the specific danger involved a question of fact to be proved by defendant. In *Beard* v. *Atchison, Topeka & Santa Fe Ry. Co., supra,* 4 Cal.App.3d 129, it was said at page 138: "On the subject of realization and appreciation of the risks involved in boarding a moving freight train plaintiff testified he did not know, and had never been told, that hopping a ride on a moving freight train was dangerous. This testimony was sufficient to present a question of fact on the issue of assumption of risk. While it is doubtful that a trier of fact would believe that plaintiff at the age of 14 did not know and had never been told about the danger involved in boarding a moving freight train, plaintiff made such a claim, and the burden fell on defendant to refute it in order to sustain its burden of proof with respect to plaintiff's realization and appreciation of the risk." We conclude in this respect that decedent's knowledge in the instant case of the particular danger, that is, the knowledge of the magnitude of the risk, is a question of fact and that it would have been error to grant the summary judgment herein on that ground.

We turn now to a consideration of the defense of contributory negligence. In *Beard* v. *Atchison, Topeka & Santa Fe Ry. Co., supra,* 4 Cal.App.3d 129, 140, it is said: "Second, on contributory negligence, while a 14-year-old's conduct in boarding a moving freight train may amount to negligence as a matter of law with respect to certain hazards, such as slipping and stumbling, it does not necessarily do so with respect to all conceivable hazards. Plaintiff's negligence bars recovery only when the hazard which caused his injury is the specific hazard with respect to which he has been negligent. (Rest. 2d Torts, § 468; Prosser, Law of Torts (3d ed.) pp. 431-432; Harper and James, Torts, p. 1230; *Furukawa* v. *Yoshio Ogawa* (9th Cir. 1956) 236 F.2d 272.)" In the event one does not act reasonably with respect to the hazard involved, he may be found to be negligent. (*Mitchell* v. *A. J. Bayer Co.,* 126 Cal.App.2d 501, 504-505 [272 P.2d 870].)

In view of decedent's age the following standard of conduct is involved in evaluating negligence: "The standard of conduct to which a child must conform for his own protection is that of a reasonable person of like age, intelligence, and experience under like circumstances." (Rest. 2d Torts, § 464, subd. (2).)

In the instant case there was no evidence that the minor had any physical handicap or was lacking in the average intelligence for one his age. He was characterized as being both bright and academically talented. The danger of climbing and possibly falling from a ladder, particularly from the ladder in question, should have been apparent to him. In *Doyle* v. *Pacific Elec. Ry. Co., supra,* 6 Cal.2d 550, 553, the court commented as follows: "There is nothing uncommon about a ladder. They are present in practically every home or house, and the danger of falling from them is familiar to children as well as to adults." In *Walker* v. *Pacific Elec. Ry. Co.,* 66 Cal. App.2d 290, 294 [152 P.2d 226], it was said: "A train is not an uncommon contrivance, but is a very common and well known method of transportation. That it is dangerous to attempt to jump on or off a moving train is a matter of general knowledge, and certainly such danger is familiar to persons whose mental attainments are such that they are pupils in high school." The rationale of *Walker* is applicable to the facts of the instant case. A ladder too is not an uncommon contrivance. It is a matter of general knowledge that its use entails the danger of falling. That danger also is familiar to persons of decedent's age group. In *Beard, supra,* we find the following at page 139: "The rules on contributory negligence outlined in Restatement Second Torts are applicable, and to establish the defense the defendant must show that plaintiff's conduct fell below the standard of care required of him in the light of his age, intelligence, and experience, and that as a consequence of this plaintiff was injured.

"Had plaintiff's evidence showed contributory negligence as a matter of

law the trial court's nonsuit would have been correct. *(Studer* v. *Southern Pac. Co.,* 121 Cal. 400, 404 [53 P. 942, 66 Am.St.Rep. 39].)" (Fn. omitted.)

The record in the instant case establishes that Keith fell solely as the result of the manner in which he exposed himself to the specific hazard involved and he was therefore guilty of contributory negligence as a matter of law.

Plaintiffs' heavy reliance upon the case of *Beard* v. *Atchison, Topeka & Santa Fe Ry. Co., supra,* 4 Cal.3d 129, just mentioned, and *Mark* v. *Pacific Gas & Electric Co.,* 7 Cal.3d 170 [101 Cal.Rptr. 908, 496 P.2d 1276], for the proposition that contributory negligence did not exist as a matter of law in the instant case is misplaced. In each case the hazard involved was one not required to be anticipated by the injured person. In *Beard* it was the existence of a defective sill step on a railroad boxcar of which the minor was unaware. In *Mark* it was the existence of unexpected high voltage in a power line. The factual distinctions in these cases deprives each of persuasive or controlling significance.

We conclude that under the uncontroverted facts in the case at bench it was not error to grant a summary judgment in favor of defendants.

The judgment is affirmed.

Cobey, Acting P. J., and Potter, J., concurred.

A petition for a rehearing was denied November 26, 1974, and appellants' petition for a hearing by the Supreme Court was denied December 26, 1974.