[Civ. No. 45857. Second Dist., Div. Two. Sept. 26, 1975.]

COAST-UNITED ADVERTISING, INC., Plaintiff and Appellant, v. CITY OF LONG BEACH, Defendant and Respondent.

**COUNSEL**

Martin J. Barab for Plaintiff and Appellant.

Leonard Putnam, City Attorney, and Phil J. Shafer, Deputy City Attorney, for Defendant and Respondent.

## OPINION

**BEACH, J.**—Plaintiff is a company whose business involves selling advertising on bus benches. Defendant City of Long Beach passed an ordinance prohibiting "advertising, words, pictures, drawings, or designs . . . on any bench . . ."[1] after July 1, 1974. Plaintiff sued for declaratory relief and for preliminary and permanent injunctions. Defendant made a motion for summary judgment, which was granted. Plaintiff appeals from the judgment.

### FACTS:

The complaint raised various constitutional objections to the Long Beach ordinance. The motion for summary judgment and supporting affidavits explain the history of the bench ad proscription and argue its constitutionality. In opposition to the motion for summary judgment, attorney for appellant filed a declaration stressing the unconstitutional vices of the ordinance. The declaration of Glenn Warner, appellant's vice president and general manager, emphasizes that he believes Long Beach merely wants to replace appellant's benches with city benches provided through a federal grant; he also stresses the allegedly discriminatory effect of the ordinance in that it affects benches but not other forms of outdoor advertising.

### CONTENTIONS ON APPEAL:

1. The trial court abused its discretion in granting the motion for summary judgment; there were triable issues of fact, including discriminatory classification as opposed to other outdoor advertisers and unreasonable classification unrelated to the legislative purpose of the ordinance.

2. The legislative purpose of the ordinance, being solely aesthetic, is invalid.

3. The court erred in concluding a municipality can properly classify and create special legislation aimed at advertising which appears on the public right of way while at the same time excluding signs which appear on private property under the so-called "aesthetic police power."

---

[1]The ordinance defines "bench" as a "seat located upon public property along any public street for the accommodation of passersby or persons awaiting transportation."

4. The ordinance is invalid under the First and Fourteenth Amendments to the United States Constitution; it is overbroad in unreasonably proscribing free speech.

5. The trial court erred in granting the motion when appellant's affidavits evidenced that facts essential to justify opposition existed but could not then be presented.

DISCUSSION:

■ "Where it appears by agreement or otherwise that there is no material issue of fact to be tried and that the sole question remaining before the trial court is one of law as to whether the claim of the moving party is tenable on the undisputed facts, it is the duty of the trial court on a motion for a summary judgment to hear and determine the issue of law. [Citations.]" (*Burke Concrete Accessories, Inc.* v. *Superior Court*, 8 Cal.App.3d 773, 775 [87 Cal.Rptr. 619].) Appellant herein claims that the constitutional issues raised require a determination of facts so that summary judgment was not proper and a trial on the merits should be held. Respondent contends that no material factual issues have been raised and that the ordinance as a matter of law is constitutional. We agree with respondent.

a. *Equal protection.*

■ Appellant argues that other forms of outdoor advertising have not been proscribed by the subject ordinance and that there has been unequal protection of the law. It is true that other forms of advertising (e.g., billboards) have not been made illegal by Ordinance No. C-5123. When economic regulation is involved, legislation has been invested "with a presumption of constitutionality . . . requiring merely that distinctions drawn by a challenged statute bear some rational relationship to a conceivable legitimate state purpose. [Citations.]" (*Westbrook* v. *Mihaly*, 2 Cal.3d 765, 784 [87 Cal.Rptr. 839, 47 P.2d 487].)

According to the affidavit of Phil J. Shafer, Long Beach Deputy City Attorney partly responsible for preparation of the ordinance, the passage of the ordinance "is a further, necessary step to carry out the program of beautifying the City in order to protect the City's investments and preserve and promote the economic and commercial well-being of the City." Counsel for appellant, in his affidavit, declared the intent of the city council was to discriminate against his client in favor of all other

forms of outdoor advertising and that the city itself is planning to apply to the federal government for a grant for (nonadvertising) bus benches.[2]

The city has a right to discriminate as long as the discrimination is reasonable and not arbitrary or capricious. In trying to improve the aesthetic appeal of its public streets, it need not abolish all unaesthetic elements immediately. "A legislative body may 'eliminate some of the causes of an evil without attacking all of them . . . ' [Citation.]" (*McMahan's Furniture Co.* v. *City of Pacific Grove,* 219 Cal.App.2d 732, 736 [33 Cal.Rptr. 476]. See also *Metromedia, Inc.* v. *City of Pasadena,* 216 Cal.App.2d 270, 277 [30 Cal.Rptr. 731].) Furthermore, there is no reason the city cannot erect its own nonadvertising bus benches; its aesthetic and economic purposes would be accomplished and passersby would still be afforded a place to sit.

Appellant asserts that the summary judgment procedure is inadequate to decide such fact questions as appellant claims are here presented. In support thereof appellant cites cases for the proposition that questions of improper motives for discrimination cannot be decided and therefore should not be considered on motions for summary judgment since a material issue of fact is inevitably involved. (*D'Amico* v. *Board of Medical Examiners,* 6 Cal.App.3d 716, 727-728 [86 Cal.Rptr. 245]; *G & D Holland Construction Co.* v. *City of Marysville,* 12 Cal.App.3d 989 [91 Cal.Rptr. 227].)

*Holland, supra,* involved the rezoning of a block of land, purportedly to halt the building of a housing project designed for lower income families. The city argued that the rezoning to lesser density housing was justified in that the sewerage system in the area had been overloaded and high density housing would increase the problem. The court stated "The issues framed by the pleadings evoked judicial review more intense than that posed by a generalized exercise of police power. They called upon the trial court to determine whether the city council's action represented a discriminatory exercise of legislative power or a choice between legitimate environmental values. In its inquiry the court was not limited to the face of the ordinance, but could receive evidence of its immediate purpose, its ultimate objective and of the circumstances attending its adoption. [Citations.] Seldom may such an inquiry be pursued through the brusque summary judgment procedure . . ." (*Holland, supra,* at p. 996.)

---

[2]The affidavits are self-serving and largely argument. There is little if any evidentiary help in them.

*D'Amico, supra,* 6 Cal.App.3d at page 727, involved a statute separately classifying osteopaths and graduates from medical schools. The appellate court held that the issue should not be determined by demurrer but should receive a full scale hearing. " '[W]here the determination whether a statute is unreasonable, arbitrary or not related to the ends proposed turns on factual considerations, the court may consider such facts and hear evidence with respect thereto.' (16 C.J.S., § 97, p. 356.) Courts will not interfere except where constitutional rights are invaded. 'But courts are not limited in their inquiry to those cases alone where such a situation is shown upon the reading of the statute. They will consider the circumstances in the light of existing conditions.' (*In re Smith* (1904) 143 Cal. 368, 372 . . . .)" (*D'Amico* at p. 727.)

In the instant case, however, appellant's affidavits do not raise the kind of factual issues that would overcome the presumption of constitutionality enjoyed by the statutory classification. (See *D'Amico v. Board of Medical Examiners,* 11 Cal.3d 1, 20 [112 Cal.Rptr. 786, 520 P.2d 10].) The affidavits merely point to discriminatory behavior that, even if proved, is allowable under the police power. The affidavits do not show that "the parties possess evidence requiring the weighing procedures of a trial." (*D'Amico, supra,* 11 Cal.3d at p. 20.)

b. *Overbreadth.*

Appellant also contends that summary judgment should not have been granted because the ordinance is unconstitutional in that it is overbroad. Many of the bus benches contain public service messages; appellant contends that these benches are protected by the First Amendment and the ordinance is overbroad in that it prohibits those signs as well as simple advertising.

The affidavit of Deputy City Attorney Shafer raises the issue of overbreadth: "Ordinance No. C-5123 was drawn as narrowly as possible so as to accomplish its desired objectives and so as to affect minimally the right of free speech, press, and expression and is not unconstitutional because of overbreadth." Aside from the fact (to which we have previously alluded) that the above-quoted portion is not the proper material for an affidavit in a summary judgment, the affidavits of appellant do not in any way contest the issue of overbreadth. Appellant has the burden of overcoming the presumption of constitutionality of the ordinance; the burden has not even been attempted. We therefore think it unnecessary to reach the issue.

c. *Taking without amortization.*

The affidavit of respondent's counsel declared: "Ordinance No. C-5123 is not an unconstitutional taking of plaintiff's property without compensation, even though no amortization period is provided therein. Plaintiff had only a temporary right to conduct its advertising business on public property within the City of Long Beach for a period of one year at a time, which right expired with the expiration of its last renewal of permit in 1972." Appellant's affidavits do not discuss or reach this issue and so again we do not consider it necessary to discuss the question on appeal.

d. *Facts that could not then be presented.*

Section 437c of the Code of Civil Procedure provides in part: "If it appears from the affidavits submitted in opposition to the motion that facts essential to justify opposition may exist but cannot, for reasons stated, then be presented, the court shall deny the motion, or order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as may be just."

The declaration of counsel for appellant states in part: "I requested of the City Council their actual intent behind the passage of the Ordinance and was replied by the City Attorney that all documents and/or hearings prior to the drafting of said Ordinance are in the Transportation Department and other departments in the City of Long Beach. I was informed at that time that no further comment would be made to me as to the reasons why this Ordinance was enacted but that I should investigate the files of the various departments under whose jurisdiction transportation matters are conducted and ascertain the facts for myself. At this present time, all relevant information behind the enactment of this Ordinance is contained in many tapes of hearings before the various agencies. The contents of the tapes are unknown at this time, and I intend to proceed to discover why this Ordinance was enacted. . . ."

The trial court may well have had in mind the "fundamental, historically enshrined legal principle that precludes any judicially authorized inquiry into the subjective motives or mental processes of legislators." (*County of Los Angeles v. Superior Court (Burroughs)*, 13 Cal.3d 721, 726 [119 Cal.Rptr. 631, 532 P.2d 495].) This doctrine "is a corollary of the related legal principle which establishes that the validity of a legislative act does not depend on the subjective motivation of its

draftsmen but rests instead on the objective effect of the legislative terms." (*County of Los Angeles, supra* at p. 727.) Appellant's request for the "actual intent" of the city council is therefore irrelevant, and not a "fact essential to justify opposition" under section 437c of the Code of Civil Procedure. The trial court was correct in not ordering a continuance for such discovery.

The summary judgment is affirmed.

Roth, P. J., and Fleming, J., concurred.

A petition for a rehearing was denied October 6, 1975, and appellant's petition for a hearing by the Supreme Court was denied December 11, 1975.