[Civ. No. 61184. Second Dist., Div. Two. Sept. 2, 1981.]

WALTER CASH, Individually and as Administrator, etc., et al., Plaintiffs and Appellants, v.
SOUTHERN PACIFIC RAILROAD COMPANY et al., Defendants and Respondents.

COUNSEL

Paul & Faith and Richard M. Faith for Plaintiffs and Appellants.

William E. Still, Alfred T. Marshall and Anthony P. Parrille for Defendants and Respondents.

OPINION

BEACH, J.—Action to quiet title. After the trial court granted summary judgment in favor of respondents, plaintiffs appealed. We affirm.

## FACTS:

In 1900, certain property of plaintiffs[1] in Chatsworth was acquired by respondents in condemnation proceedings.[2] The superior court awarded respondents "a right of way" to construct and operate a railroad and to use the land "for such other purposes as are necessary and incident to railroad construction, maintenance and operation." Since then, respondents have operated a steam railroad on the main tracks for the purposes of local, intrastate, and interstate commerce. Respondents have also leased or rented portions of the property to private firms and have, for use by its freight customers, constructed a "team track" and loading dock. Certain portions of the land have remained unimproved.

Plaintiffs contend respondents' right of way has been abandoned or extinguished in part or in whole by (1) nonuse of certain portions of the land, (2) the construction of a team track on the property, and (3) rentals of certain portions of the property to private concerns. As a result of such abandonment or extinguishment, plaintiffs argue they are entitled to recover some of the property and to receive rental payments for respondents' use and occupancy of the premises. Plaintiffs further contend the trial court's granting of summary judgment in favor of respondents was reversible error because the evidence raised triable issues of fact as to whether respondents' use of the property was authorized under the condemnation judgment.

---

[1] The property was at that time owned by Wallace G. Barber and Sarah B. Barber, plaintiffs' predecessors in interest.

[2] The right of eminent domain, of course, does not justify taking property for private use. Railroads, however, have been considered public highways even though constructed by private corporations and owned by them. Because railroads are facilities for passage and transportation afforded to the public, of which the public has a right to avail itself, a state Legislature may authorize a private corporation to take land for the construction of a railroad, and compensate the owner of the land therefor, under the state's right of eminent domain. (*Southern Pacific Co.* v. *Hyatt* (1901) 132 Cal. 240, 242-243 [64 P. 272].) In this case, respondents exercised the right of eminent domain under Code of Civil Procedure section 1238, which was enacted in 1872 and repealed in 1975.

### DISCUSSION

■ If there is no material issue of fact to be tried and the sole question remaining is one of law, it is proper for the trial court to hear and determine the issue of law on a motion for summary judgment. (*Wilson v. Wilson* (1960) 54 Cal.2d 264, 269 [5 Cal.Rptr. 317, 352 P.2d 725]; *Burke Concrete Accessories, Inc.* v. *Superior Court* (1970) 8 Cal.App. 3d 773, 775 [87 Cal.Rptr. 619].)

At bench, the evidence discloses no conflict regarding the use now being made of the property. Basically, plaintiffs question only whether such use, or in one instance nonuse, complies with the terms of the condemnation judgment. Such an inquiry presents solely a question of law. (*Faus v. City of Los Angeles* (1967) 67 Cal.2d 350, 361, 363 [62 Cal. Rptr. 193, 431 P.2d 849].)

■ Nonuse of certain portions of the property does not in itself establish abandonment. "The mere intention to abandon, if not coupled with yielding up possession or a cessation of user, is not sufficient; nor will the non-user alone, without an intention to abandon be held to amount to an abandonment." (*Wood* v. *Etiwanda Water Co.* (1905) 147 Cal. 228, 234 [81 P. 512].) In sum, abandonment requires a concurrence of nonuser and an intent to abandon. (*Cohn v. San Pedro etc. R. R. Co.* (1930) 103 Cal.App. 496, 500 [284 P. 1051].) In this case, respondents have not ceased operating a railroad at the property. The fact that presently respondents have not made use of all of the "right of way" is of no consequence. Respondents may at some time want to use more land for side-tracks, or other railroad purposes, and until then they are entitled to have the land clear and unobstructed. (*Southern Pacific Co.* v. *Burr* (1890) 86 Cal. 279, 284 [24 P. 1032]; *People* ex rel. *Dept. of Transportation* v. *Southern Pac. Transportation Co.* (1978) 84 Cal.App.3d 315, 322 [148 Cal.Rptr. 535].) A railroad's construction and operation of one track on its location is an assertion of right to the entire width of its right of way. (*Southern Pacific Co.* v. *Hyatt, supra,* 132 Cal. 240, 244.) A right of way or easement granted to a railroad ""is not that spoken of in the old law books, but is peculiar to the use of a railroad which is usually a permanent improvement, a perpetual highway of travel and commerce, and will rarely be abandoned by nonuser. . . . [¶] The right acquired by the railroad company, though technically an easement, yet requires for its enjoyment a use of the land permanent in its nature and practically exclusive." [Citation.]'" (*San Gabriel* v. *Pacific Elec. Ry. Co.* (1933) 129 Cal.App. 460, 464-465 [18

P.2d 996]; *City of Long Beach* v. *Pacific Elec. Ry. Co.* (1955) 44 Cal. 2d 599, 603 [283 P.2d 1036].)

■ Plaintiffs maintain that respondents' abandonment may be inferred from their construction of a "team track" and loading dock for the benefit of freight customers and from a 30-day terminable lease of a portion of the property to a roofing materials contractor. ■ A railroad may use its right of way for commercial activities which contribute to the railroad's business unless specifically prevented from so doing under the terms of the grant or condemnation judgment. (*City of Long Beach* v. *Pacific Elec. Ry. Co., supra,* 44 Cal.2d 599, 603; *People* ex rel. *Dept. of Transportation* v. *Southern Pac. Transportation Co., supra,* 84 Cal.App.3d 315, 322.) For example, the courts have upheld the following uses for a railroad's right of way on the ground that they contribute to the railroad's business: a sawmill, a manufacturing company, a grain elevator and warehouse, and a lumber yard. (*City of Long Beach* v. *Pacific Elec. Ry. Co., supra,* 44 Cal.2d at p. 603.)

■ An affidavit submitted by respondents states that the roofing company has utilized respondents' railroad to receive shipments at the team track. A commercial lease as the one involved here produces additional revenue for the railroad, thus defraying the costs of running and maintaining the railroad. We conclude the lease at issue here did not violate the terms of the condemnation grant allowing respondents to use the land not only for the construction and operation of a railroad but also "for such other purposes as are necessary and incident to railroad construction, maintenance and operation." Nor does respondents' construction and operation of a "team track" on a portion of the property establish a use inconsistent with the condemnation grant. A "team track" has been defined as "a siding upon which a railroad places cars for the loading and unloading of freight by its customers who have access to the siding by truck (or 'team') on an adjacent driveway." (*Atchison, T. & S.F. Ry. Co.* v. *Abar* (1969) 275 Cal.App.2d 456, 466 [79 Cal.Rptr. 807].) Respondents' affidavit states that the team track is adjacent to the main tracks and is used daily to a great degree by shippers and receivers utilizing respondents' railroad. The affidavit further states that in their efforts to attract more shippers to their railroad respondents have emphasized the convenience of the team track. The team track is clearly a means for respondents to generate more revenue, which in turn defrays respondents' costs in operating and maintaining the railroad. As operation of the team track is incident to the operation and maintenance of the railroad, it falls within the terms of the con-

demnation judgment. *Atchison, T. & S.F. Ry. Co. v. Abar, supra*, 275 Cal.App.2d 456, relied on by plaintiffs, is distinguishable. There, the grant specifically limited the railroad's right of use to the construction of railroad tracks "with all necessary switches and turn-outs" and the right to use the tracks over the particular parcel of land. (*Id.*, at pp. 458-459.)

The judgment is affirmed.

Fleming, Acting P. J., and Compton, J., concurred.

A petition for a rehearing was denied October 1, 1981, and appellants' petition for a hearing by the Supreme Court was denied November 12, 1981.