[No. B019650. Second Dist., Div. Seven. Sept. 18, 1986.]

GARY PETERSON, Plaintiff and Appellant, v.
COUNTY OF LOS ANGELES, Defendant and Respondent.

**COUNSEL**

Hatchwell & Johnson and Michael M. Hatchwell for Plaintiff and Appellant.

Buchalter, Nemer, Fields, Chrystie & Younger, Howard P. Miller and J. Kevin Snyder for Defendant and Respondent.

**OPINION**

**LILLIE, P. J.**—Plaintiff Gary Peterson appeals from summary judgment entered against him and in favor of defendant County of Los Angeles.

### FACTS

Plaintiff sued the county and James Morrow, an employee of the county,[1] for damages for personal injuries allegedly sustained on January 13, 1981,

---

[1]Morrow is not a party to the within appeal.

when Morrow negligently came into contact with plaintiff's leg while plaintiff was in the county jail facility. After answering the complaint defendant county moved for summary judgment on the ground of governmental immunity, arguing that it is not liable for plaintiff's alleged injuries inasmuch as they were sustained while plaintiff was a prisoner. (Gov. Code, §§ 844, 844.6.) In support of the motion defendant submitted the declaration of its attorney incorporating plaintiff's answers to interrogatories and portions of his deposition testimony. Defendant also requested that the trial court take judicial notice of two orders, copies of which were furnished with the request, contained in the court's file in the case of People v. Peterson (L.A. Super. Ct. No. A145041). (Code Civ. Proc., § 437c, subd. (b); Evid. Code, §§ 452, subd. (d), 453.) Such papers showed: On January 13, 1981, following his conviction of criminal offenses (Pen. Code, §§ 245, 246), plaintiff was sentenced to 180 days in the county jail; sentence was suspended and plaintiff was placed on probation for 3 years on condition that he spend the first 100 days in jail; he was given credit for 1 day served and, pursuant to a temporary commitment order, was remanded to the sheriff for incarceration in the county jail for the remaining 99 days; the accident which is the basis of the present lawsuit occurred January 13, 1981, after plaintiff had been transported to the county jail and taken inside; while plaintiff was sitting in a room "with like barred cages," waiting to be processed, Morrow kicked plaintiff's leg and broke it.

Plaintiff submitted neither a statement of material facts which he contended were disputed (see Code Civ. Proc., § 437c, subd. (b)) nor any evidence in opposition to the showing made by defendant in support of its motion for summary judgment.

The motion was granted. Summary judgment was entered in favor of defendant and against plaintiff. This appeal followed.

## DISCUSSION

## I

## PROPRIETY OF SUMMARY JUDGMENT

The record establishes that the facts are not in dispute. ■ "[W]here there is no material issue of fact to be tried and the sole question before the trial court is one of law as to whether the claim of the moving party is tenable on the undisputed facts, it is the duty of the trial court on a motion for summary judgment to hear and determine the issue of law." (*Pittman v. Pedro Petroleum Corp.* (1974) 42 Cal.App.3d 859, 862 [117 Cal.Rptr. 220].) ■ On review, we must make an independent determination of the construction and effect of these facts as a matter of law. (*Bonus-Bilt, Inc. v. United Grocers, Ltd.* (1982) 136 Cal.App.3d 429, 442 [186 Cal.Rptr.

357]; see *Graham* v. *Bank of California* (1961) 197 Cal.App.2d 438, 440 [17 Cal.Rptr. 279].)

 Government Code section 844.6 provides in pertinent part: "(a) Notwithstanding any other provision of this part, . . . a public entity is not liable for: . . . [¶] (2) An injury to any prisoner. . . ." Section 844 defines "prisoner" as including "an inmate of a prison, jail or penal or correctional facility." Appellant contends he was not a prisoner for purposes of section 844.6 because, at the time of the accident, he was not yet within the confines of the jail but was merely in the reception area waiting to be "processed" into that facility. Under the facts herein, this is not a valid distinction in determining appellant's status as a prisoner or inmate within the meaning of sections 844 and 844.6.

The cases draw a distinction "between persons who are simply under arrest and therefore are not prisoners and those persons who have become 'confined in a correctional facility or institution under the authority of law enforcement authorities or legal process.' [Citation.] . . . [I]t appears the line of demarcation between status as an arrestee and as a confined person is the completion of the booking process. Once an arrestee has been booked, the status of the arrestee changes since he or she has become confined to a correctional facility under the authority of law." (*Zeilman* v. *County of Kern* (1985) 168 Cal.App.3d 1174, 1181 [214 Cal.Rptr. 746].) To use appellant's terminology, he was waiting in the county jail to be "processed" when he was injured. Whatever the meaning of the word "processed" used by appellant, it is not synonymous with "booked" which, by definition, refers to the procedure following arrest. (Pen. Code, § 7, subd. 21.)[2] At the time appellant sustained the injuries alleged herein, his involvement in the criminal law process had progressed far beyond the stage of arrest. His guilt had been determined and sentence pronounced; sentence was suspended and appellant was placed on probation for 3 years on the condition he spend the first 100 days in the county jail. Execution of such jail commitment began when, pursuant to a temporary commitment order issued by the court, appellant was remanded to the custody of the sheriff; he was then transported to jail, and was within that facility when the injury occurred. For purposes of sections 844 and 844.6, a prisoner has been defined as "a person confined in a correctional facility or institution under the authority of law enforcement authorities or legal process" (*Patricia J.* v. *Rio Linda Union Sch. Dist.* (1976) 61 Cal.App.3d 278, 287 [132 Cal.Rptr. 211]); an inmate "of any facility in which [he was] placed by the courts or law" (*Jiminez* v. *County of Santa Cruz* (1974) 42 Cal.App.3d 407, 410 [116 Cal.Rptr. 878]); and a person in the custody of a penal institution pursuant to "judicial commit-

---

[2]Penal Code section 7, subdivision 21: "To 'book' signifies the recordation of an arrest in official police records, and the taking by the police of fingerprints and photographs of the person arrested, or any of these acts following an arrest."

ment" (*Larson* v. *City of Oakland* (1971) 17 Cal.App.3d 91, 96 [94 Cal.Rptr. 466]; see also *People* v. *White* (1960) 177 Cal.App.2d 383, 385 [2 Cal.Rptr. 202]). Under the foregoing definitions, appellant was a prisoner when he sustained the injuries for which he seeks to hold respondent liable.

In support of a contrary conclusion, appellant cites *Meyer* v. *City of Oakland* (1980) 107 Cal.App.3d 770 [166 Cal.Rptr. 79]. There, the city appealed from judgment in favor of plaintiff who was injured in an assault by fellow inmates while he was being held in jail under civil commitment for alcoholism (Pen. Code, § 647, subd. (ff)). In rejecting the contention that the city was immune from liability, the court stated: "[T]he Legislature intended the term 'prisoner,' as used in section 844, to include a person who is *confined* in a facility or institution, under the authority of law but pursuant to a *penological* or *correctional* objective. This definition does not reach a person in confinement who has not been charged with crime and is being held in 'civil protective custody' pursuant to Penal Code section 647, subdivision (ff)." (*Meyer* v. *City of Oakland, supra,* 107 Cal.App.3d at p. 778, original italics. See also *Griffith* v. *City of Monrovia* (1982) 134 Cal.App.3d Supp. 6, 9-10 [184 Cal.Rptr. 709].) Relying on the foregoing definition, appellant argues that he was not a prisoner within the meaning of section 844 because at the time he sustained personal injuries he was waiting to be placed in the county jail and thus, at the precise moment of injury, was not there "for a 'correctional . . . objective' nor for an effective penology." We do not agree. Appellant was within the confines of the jail facility where he was placed to serve the time prescribed by the court as a condition of probation for a criminal offense. The fact that he had not yet been placed in a cell does not alter the conclusion that he was within the confines of the jail pursuant to a penological or correctional objective. Certainly, he was not there in the course of a voluntary tour of county penal institutions, or otherwise as a civic guest of the County of Los Angeles. (See *Datil* v. *City of Los Angeles* (1968) 263 Cal.App.2d 655, 659 [69 Cal.Rptr. 788].)

By any definition of the term, appellant was a "prisoner" when he was injured. Accordingly, respondent is immune from liability under section 844.6, subdivision (a)(2).

II

SANCTIONS FOR FRIVOLOUS APPEAL

Respondent asks that we impose sanctions against appellant for taking a frivolous appeal. (Code Civ. Proc., § 907; Cal. Rules of Court, rule 26(a).) Under the standards set forth in *In re Marriage of Flaherty* (1982) 31 Cal.3d

637, 648-651 [183 Cal.Rptr. 508, 646 P.2d 179], we cannot say that the appeal is frivolous.

## DISPOSITION

The judgment is affirmed.

Thompson, J., and Johnson, J., concurred.