OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

---

| | | |
|---|---|---|
| OPINION | : | No. 90-911 |
| of | : | |
| | : | January 31, 1991 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| CLAYTON P. ROCHE | : | |
| Deputy Attorney General | : | |
| | : | |

---

THE HONORABLE CHARLES F. O'ROURKE, DISTRICT ATTORNEY, YUBA COUNTY, has requested an opinion on the following question:

Is a county jail required to receive an arrested person from a city police officer if (1) the arrestee is injured and needs medical attention, or (2) the arrestee is injured and needs medical attention but refuses to be treated?

CONCLUSION

A county jail is required to receive an arrested person from a city police officer if (1) the arrestee is injured and needs medical attention, or (2) the arrestee is injured and needs medical attention but refuses to be treated.

ANALYSIS

This opinion posits the question as to the duty of the sheriff or other officer in charge of the county jail[1] to receive an arrestee from a city police officer where the arrestee is injured and in need of medical attention. We assume for purposes of this opinion that the arrestee would be otherwise properly delivered to the custody of the sheriff except for his or her injuries.

Section 4000 et seq. of the Penal Code[2] generally provides for the establishment of county jails and the administration thereof by county sheriffs. Section 4015 provides:

"The sheriff <u>shall</u> receive all persons committed to jail by competent authority. . . ." (Emphasis added.)

---

[1]For example, Santa Clara County has a Director of Corrections who has assumed the sheriff's duty with respect to the county jail. (See Gov. Code, § 23013.) In this opinion "sheriff" will be deemed to include such other officers.

[2]All section references are to the Penal Code unless otherwise specified.

There is no exception stated in that section with respect to persons who are injured. Nor are we aware of any such exception specifically provided for in any other provision of law. (Cf. 13 Ops.Cal.Atty.Gen. 120 (1949).)

As to prisoners already confined in the county jail, two code provisions provide for the treatment of such prisoners who are in need of medical attention. The first, section 4011, provides that a judge may order the removal of a prisoner confined in the county jail to a county or other appropriate hospital when the prisoner "requires medical or surgical treatment necessitating hospitalization, which treatment cannot be furnished or supplied at such . . . county jail." Generally, the county will be liable for the costs of county prisoners, and the city will be liable for the costs of city prisoners, although financially able prisoners may be required to pay the costs. (§ 4011, subds. (b)-(d).) Section 4011 significantly ends with the proviso that "[a]ny prisoner may decline such care or treatment and provide other care and treatment for himself at his own expense."

The second provision, section 4011.5, provides:

"Whenever it appears to a sheriff . . . that a prisoner in a county jail . . . is in need of immediate medical or hospital care, and that the health and welfare of the prisoner will be injuriously affected unless he is forthwith removed to a hospital, the sheriff or jailer may authorize the immediate removal of a prisoner under guard to a hospital, without first obtaining a court order as provided in section 4011. . . ."

Additionally, two sections of the Government Code concerning liability of public entities and their employees contain specific provisions covering injured prisoners. These are sections 844.6 and 845.6 of that code. The former relates to injuries <u>to</u> prisoners. It provides:

"(a) . . . a public entity is not liable for:

"(1) An injury proximately caused by any prisoner.

"(2) An injury to any prisoner.

". . . . . . . . . . . . . . . . . . . . . . . .

"(d) Nothing in this section exonerates a public employee from liability for injury proximately caused by his negligent or wrongful act or omission. . . ."

And more germane to our inquiry herein, section 845.6 of the Government Code addresses governmental immunity and potential liability for failure to furnish or obtain medical care for prisoners in custody. That section provides:

"Neither a public entity nor a public employee is liable for injury proximately caused by the failure of the employee to furnish or obtain medical care for a prisoner in his custody; <u>but</u>, except as otherwise provided by Sections 855.8 and 856, <u>a public employee, and the public entity where the employee is acting within the scope of his employment, is liable if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care</u>. . . ." (Emphasis added.)

For purposes of these provisions, "prisoner" is defined in section 844 of the Government Code as follows:

"As used in this chapter, 'prisoner' includes an inmate of a prison, jail or penal or correctional facility."

"Prisoner" for purposes of these sections has been held <u>not</u> to include a person merely under arrest and still in the custody of the arresting officer.  As stated in *Zeilman* v. *County of Kern* (1985) 168 Cal.App.3d 1174, 1181:

"Notwithstanding a certain amount of deprivation of liberty attendant upon an arrest, all the cases do seem to recognize a distinction between persons who are simply under arrest and therefore are not prisoners and those persons who have become `confined in a correctional facility or institution under the authority of law enforcement authorities or legal process.'. . .  From the cases . . . it appears the line of demarcation between the status as an arrestee and as a confined person is the completion of the booking process. . . ."

(See also *Badiggo* v. *County of Ventura* (1989) 207 Cal.App.3d 357, 360-361; *Peterson* v. *County of Los Angeles* (1986) 185 Cal.App.3d 705, 708-709.)

Accordingly, while sections 844.6 and 845.6 of the Government Code apply to the county and the sheriff or other officials in charge of the county jail, they do not apply to an arresting officer such as a city police officer who still has custody of an arrestee.

Thus, to sum up the foregoing law, a sheriff <u>shall</u> receive any person properly committed to a county a jail. (§ 4015.)  If a county jail prisoner needs medical attention, the sheriff may obtain a court order to provide such attention.  (§ 4011.)  In cases of emergency (immediate need), the sheriff can deliver a prisoner to a hospital for medical care without a court order. (§ 4011.5.)  Liability may arise for failure to provide such care. (Gov. Code, § 845.6.)  The term "prisoner" for purposes of the foregoing provisions does not include an arrestee who is still in the custody of the arresting officer.  There is no specific law which requires an arresting officer to obtain medical attention for an arrestee.  It is in this statutory and case law framework that we address the question presented.

The first portion of the question is whether county jail personnel must receive an arrested person from a city police officer if the person is injured and needs medical attention.  Of course, an "injury" may range from one which is life threatening to one which may be attended to with little more than a band-aid.  We are not presented with any specific type or degree of injury.

We believe that the county jail must receive such arrestee.  Section 4015 provides that "[t]he sheriff shall receive all persons committed to jail by competent authority."  Sections 4011 and 4011.5  contemplate that the sheriff may have in his custody persons who require medical attention.  And significantly, no statute specifically states that an arresting officer must see to the medical needs of an arrestee.  Although an arresting officer may be liable for any injuries he or she causes as any other private citizen, that officer would still be permitted to decide whether he or she is acting reasonably under the circumstances.[3]  However, other than the potential for such liability,

---

[3]See Government Code section 820, providing that an arresting officer is still "liable for injury caused by his act or omission to the same extent as a private person."  In addition, both the Fourth and Ninth Circuits "have held that a pretrial detainee makes out a due process [or Eighth Amendment] violation if he shows `deliberate indifference to serious medical needs.'. . ." (*Martin* v. *Gentile* (4th Cir. 1988) 849 F.2d 863, 871; accord, *Jones* v. *Johnson* (9th Cir. 1986) 781 F.2d 769, 771, same holding under Eighth Amendment's prohibition against cruel and unusual punishment).

California law neither contemplates nor directs an arresting officer to attend to the medical needs of an arrestee.

More difficult is the situation where the arresting officer attempts to deliver a prisoner to the county jail who in fact does need immediate medical attention, or at least the county jailer believes so. Again, we believe that the statutory language is clear. The law provides that where necessary, the sheriff may provide for emergency medical treatment without a court order. Thus, if the person on duty at the jail is unable to convince the arresting officer that the arrestee should be transported to the hospital, we believe it is the duty of the jailer to receive the arrestee and then take appropriate action.

In short, we see nothing in the statutory framework which places the primary duty upon the arresting officer to attend to the medical needs of an arrestee, that is, one which supersedes the sheriff's duty to receive "all persons committed to jail by competent authority" as prescribed in section 4015. Nor do we find anything in the law which would permit the jailer in a county jail to overrule an arresting officer's decision as to whether or not the arrestee is suffering from such a life-threatening injury as to require hospitalization without delay. We believe the sheriff must take arrestees as he finds them, and then act appropriately under the circumstances under the provision of sections 4011 and 4011.5.

The second facet of the question is whether county jail personnel must receive an arrestee from a city police officer where the arrestee refuses medical treatment. We see no legal distinction between this situation and where the arrestee would be willing to be treated for his or her injury. We believe the sheriff's duty to receive prisoners is without exception. We would note, however, that the arrestee generally does have the right to refuse medical treatment. "[A] person of adult years and in sound mind has the right, in the exercise of control over his own body, to determine whether or not to submit to lawful medical treatment." (*Cobbs* v. *Grant* (1972) 8 Cal.3d 229, 242; see also *Truman* v. *Thomas* (1980) 27 Cal.3d 285, 291; cf. § 4011.) Under such circumstances, the arresting officer would have little alternative but to deliver the arrestee to the custody of the sheriff without attending to any injuries.

In sum, we conclude that a county jail is required to receive an arrested person from a city police officer if (1) the arrestee is injured and needs medical attention, or (2) the arrestee is injured and needs medical attention but refuses to be treated.

\* \* \* \*

---

As stated in *Martin* v. *Gentile*, *supra*, 849 F.2d 863, 870-871: "The due process clause may require state officials to provide medical care to detainees who have been injured during the course of arrest."