[Civ. No. 645.   Fifth Dist.   Jan. 18, 1967.]

MARGARET GARCIA et al., Plaintiffs and Appellants, v. STATE OF CALIFORNIA et al., Defendants and Respondents.

Elmer P. Delany, Henry E. Bianchi, Neri Ramos and Van H. Pinney for Plaintiffs and Appellants.

Thomas C. Lynch, Attorney General, William A. Shank, Assistant Attorney General, Norman B. Peek and Charles R. Kocher, Deputy Attorneys General, for Defendants and Respondents.

William W. Dennin and Herman F. Selvin as Amici Curiae on behalf of Defendants and Respondents.

STONE, J.—The widow and surviving minor children of Santiago Garcia, appellants in this wrongful death action, allege that Santiago, while an inmate of the state prison at Tehachapi, died of injuries caused by collapse of a weight suspension rack furnished by the prison for training and rehabilitation activities. The complaint also alleges that collapse of the equipment resulted from negligent maintenance by the state.

Respondents demurred upon the ground the complaint failed to state facts sufficient to constitute a cause of action.

The well established rule that upon an appeal from a judgment entered pursuant to an order sustaining a demurrer without leave to amend a reviewing court must accept as true the allegations of the complaint, narrows the controversy to the single question whether the heirs of a deceased prisoner can, under the circumstances, bring a wrongful death action against a public entity. Government Code section 844.6, governing the liability of a public entity for injuries to prisoners, provides, in pertinent part:

"(a) Notwithstanding any other provisions of law, except as provided in subdivisions (b), (c), and (d) of this section, a public entity is not liable for:

"(1) An injury proximately caused by any prisoner.

"(2) An injury to any prisoner.

"(b) Nothing in this section affects the liability of a public entity under Article 1 (commencing with Section 17000) of Chapter 1 of Division 9 of the Vehicle Code.

"(c) Nothing in this section prevents a person, other than a prisoner, from recovering from the public entity for an injury resulting from the dangerous condition of public prop-

erty under Chapter 2 (commencing with Section 830) of this part.''

Since the foregoing language clearly precludes a prisoner's right to recover from a public entity for injuries to himself, the question is further narrowed to whether the widow and minor children of Santiago, as ''a person other than a prisoner,'' may, under subdivision (c), bring a wrongful death action predicated upon the dangerous condition of public property.

Respondents' position, in a nutshell, is that since the Legislature has precluded a prisoner from recovering for his injuries, even though resulting from the dangerous condition of public property, the Legislature likewise intended that his surviving heirs should have no cause of action in the event the prisoner died from such injuries. Subdivision (c) unequivocally gives ''a person other than a prisoner'' such a right and, since appellants are other persons, it seems to us respondents' argument, if valid, must rest upon the theory the cause of action of the surviving widow and minor children is derivative, that is, since the prisoner himself had no cause of action there was nothing to pass on to his heirs upon his death. ■ But this theory contradicts the settled law that the cause of action the heirs and personal representatives of a decedent may assert under section 377 of the Code of Civil Procedure is not derivative or a continuation or revival of a cause of action existing in a decedent before his death; it is an original and distinct cause of action granted to the heirs and personal representatives of the decedent to recover damages by reason of his wrongful death. (*Fuentes* v. *Tucker,* 31 Cal.2d 1, 9 [187 P.2d 752]; *Dickinson* v. *Southern Pac. Co.,* 172 Cal. 727, 730 [158 P. 183]; *Kunakoff* v. *Woods,* 166 Cal.App.2d 59, 62 [332 P.2d 773]; *Van Sickel* v. *United States,* 285 F.2d 87; 55 Cal.Jur.2d §§ 9, 10, p. 402; 2 Witkin, Summary of Cal. Law (1960) Torts, § 374, p. 1577.)

■ In the face of this settled law and the plain language of subdivision (c), respondents argue there is an implied legislative intent to exclude causes of action by the widow and minor children of a prisoner. It is contended that since the Legislature excluded the prisoner from the right to file an action against a public entity, it follows that it did not intend that the widow and minor children of the prisoner should have a cause of action arising from the same circumstances.

The chronology of the two statutes militates against such implied intent. Section 377 of the Code of Civil Procedure

was enacted by the Legislature (1872) many years prior to the enactment of Government Code section 844.6 (1963). It must be presumed that the Legislature was aware of its own legislation creating a separate and distinct cause of action in the survivors of a deceased person. Yet subdivision (c) does not distinguish between the survivors of a deceased prisoner and other persons.

The historical background of subdivision (c) impels us to conclude that the Legislature meant just what it said. This conclusion is bolstered by the fact the Legislature limited a permissible cause of action under subdivision (c) to one predicated upon the dangerous condition of public property. No liability is imposed upon a public entity by reason of the death of a prisoner resulting from an act of the prisoner himself, acts of other prisoners, acts of prison employees, or acts of prison invitees, whether committed negligently or wilfully.

The judgment is reversed.

Conley, P. J., and Gargano, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied March 15, 1967. Burke, J., was of the opinion that the petition should be granted.