[Civ. No. 31679. First Dist., Div. Two. Oct. 8, 1974.]

JENNIE R. JIMINEZ et al., Plaintiffs and Appellants, v.
COUNTY OF SANTA CRUZ, Defendant and Respondent.

## Counsel

Mannina & Tambling and Don A. Tambling for Plaintiffs and Appellants.

Thomas F. Nelson for Defendant and Respondent.

## Opinion

**BRAY, J.**\*—Plaintiff Jennie R. Jiminez appeals from judgment of the Santa Cruz County Superior Court in favor of defendant.

### Question Presented

Decedent was a "prisoner" as that term is used in section 844.6 of the Government Code.

### Record

Plaintiffs Jennie R. Jiminez, Linda Bray, and Jennie R. Jiminez as Guardian ad Litem for Edward Padilla, Angelina Padilla, Andy Padilla, Nicki Padilla, Susan Buckman and Dolores Jiminez filed a complaint in the Santa Cruz County Superior Court against State of California, County of Santa Cruz, and others for damages for the alleged wrongful death of Leo

---

\*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

Padilla. Plaintiff Jennie R. Jiminez is the mother of Leo, all the other plaintiffs are either sisters or brothers of the decedent, whom it is charged drowned in the Merced River through the negligence and carelessness of the defendants. Defendants State of California and County of Santa Cruz answered, denying liability, alleging contributory negligence and assumption of risk and alleging that plaintiffs' cause of action is barred by certain sections of the Government Code. The personal defendants answered, denying liability and alleging contributory negligence and assumption of risk.

Defendant County of Santa Cruz filed motion for summary judgment.

It is conceded that at the time of his drowning Leo was a juvenile under the direction and control of defendant by reason of a juvenile court placement in "From Now On Homes for Youth," he having been declared a ward of the court as coming within the provisions of section 602 of the Juvenile Court Law.

The trial court found that "the action has no merit and does not present a triable issue of fact as to the defendant, COUNTY OF SANTA CRUZ," ordered the action dismissed and judgment entered in favor of defendant County of Santa Cruz and against plaintiffs.

### SECTION 844.6 OF THE GOVERNMENT CODE

■ The trial court's action was based on its interpretation of that section which at the time of the drowning provided in pertinent part "Notwithstanding any other provision of law [except as provided in certain subdivisions of the section not applicable here] a public entity is not liable for: . . . (2) An injury to any prisoner." Section 844 provides "As used in this chapter, 'prisoner' includes an inmate of a prison, jail or penal or correctional facility." The trial court interpreted the word "prisoner" in section 844.6, subdivision (a)(2), as encompassing a ward of the juvenile court declared under section 602 and under placement by that court. The question here raised has never heretofore been determined in California.

Section 844, in defining "prisoner," uses the word "includes," indicating that the term "prisoner" is to be broadly interpreted. The Legislative Committee comment to that section states "a prisoner or ward of the juvenile court engaged in fire suppression would be considered a prisoner as defined by this section . . . ." Likewise, the Legislative Committee comment to section 844.6 states "The immunity provided to public entities by this section prevails over all other provisions of the statute. Thus, the public entity is immune from liability for injuries to prisoners (*which includes wards of the juvenile court*) . . ." (italics added).

It appears from these comments that the Legislature intended that the word "prisoner" included all inmates of any facility in which they were placed by the courts or law. Thus, in *People* v. *White* (1960) 177 Cal.App. 2d 383 [2 Cal.Rptr. 202], the appellant was adjudged a psychopathic delinquent pursuant to Welfare and Institutions Code, section 7058, and committed to Mendocino State Hospital. Later he was transferred to Atascadero State Hospital, thence to the medical facility at Vacaville and then to San Quentin prison. While there he was convicted of violation of section 4502 of the Penal Code, which prohibits a "prisoner" from having in his possession, among other objects, "dirk or dagger or sharp instrument," because he had in his possession a homemade sharp knife and a file. He appealed his conviction on the ground that at the time, having been committed as a "patient" he was not a "prisoner" within the meaning of section 4502 of the Penal Code. However, the reviewing court said "A patient may also be a prisoner. The word 'prisoner' is defined in Webster's New International Dictionary as 'a person under arrest, in custody or in prison; *one involuntarily restrained . . .*'" (italics added). The court goes on, "Oxford Universal Dictionary defines 'prisoner' as: 'One who is kept in prison or in custody; specifically, *one who is in custody as the result of a legal process.*' [Italics added.] Ballantine Law Dictionary defines a prisoner as: 'A person deprived of his liberty by virtue of a judicial or other lawful process.' Thus, the significance of the word 'prisoner' is not the manner of commitment, but rather the fact of a judicial commitment." (Pp. 384-385.)

Certainly a ward of the juvenile court, committed to a place of custody such as a foster home, is "one involuntarily restrained," "one who is in custody as the result of a legal process," and one "deprived of his liberty by virtue of a judicial . . . process."

In *People* v. *Rodriguez* (1963) 222 Cal.App.2d 221 [34 Cal.Rptr. 907], a minor was committed to the youth authority after having been declared a ward of the juvenile court. He was subsequently transferred to the correctional facility at Soledad. The court, at page 226, pointed out that the defendant, although an inmate of Soledad, was still a ward of the juvenile court and that "he may be designated a prisoner in the sense that he was in custody as the result of a legal process." The court also held (pp. 225-226) that "a person who is legally confined in a state prison is a 'prisoner' whether his confinement results from a criminal conviction or from a commitment stemming from a proceeding of a noncriminal nature." As stated by plaintiffs in the instant case, proceedings in the juvenile court are of a civil rather than a criminal nature. (*In re K. D. K.,* 269 Cal.App.2d 646, 653 [75 Cal.Rptr. 136].) However, the juvenile court has the power to

commit a ward to a placement, where he is involuntarily restrained and deprived of his liberty by judicial process.

In *Larson* v. *City of Oakland* (1971) 17 Cal.App.3d 91 [94 Cal.Rptr. 466], the reviewing court in holding that the term "prisoner" as used in Government Code section 844.6, did not include persons temporarily detained by law officers for the purposes of investigation, reviewed some definitions of the word. " 'A "prisoner" is a person deprived of his liberty by virtue of a judicial or other lawful process' (41 Am.Jur., p. 886, § 2); any person is a prisoner who is held in confinement against his will (*United States* v. *Curran,* 297 F. 946); '1. A person held in custody, captivity or a condition of forcible restraint, especially while on trial or serving a prison sentence' (American Heritage Dict. of the English Language (1969)); '1. One who is confined in a prison or whose liberty is forcibly restrained; one held in custody; a captive; specif., in law, a person confined in a prison by virtue of an order of arrest or of a legal committal . . .' (Brit. World Lang. Ed., Funk & Wagnalls Standard Dict.); '1. One who is kept in prison or in custody; *spec.,* one who is in custody as the result of a legal process, . . .' (The Oxford English Dictionary (1933)); 'One held in confinement against his will' (3 Bouvier's Law Dict., 3d rev. (8th ed. 1914))."

In *People* v. *Handley* (1970) 11 Cal.App.3d 277 [89 Cal.Rptr. 656], the defendant was in court and was told by the judge without revoking his bail that he was "in custody." The reviewing court stated (p. 283): "Upon being told by the court, 'You are in custody. Sit down over there,' the respondent was a 'person deprived of his liberty by virtue of a judicial or other lawful process,' and, therefore, a 'prisoner' within the contemplation of Penal Code section 4532," the section dealing with escape by a person "who is in the lawful custody of any officer or person."

Plaintiffs call attention to Welfare and Institutions Code section 851, which states "The juvenile hall shall not be in, or connected with, any jail or prison, and shall not be deemed to be nor be treated as a penal institution. It shall be conducted in all respects as nearly like a home as possible." Nevertheless, if a ward is placed there he is "a prisoner in the sense that he was in custody as the result of a legal process."

In the Notes on page 595 of the Continuing Education of the Bar book on California Government Tort Liability it is pointed out that the definition of "prisoner" in section 844 "is crucial for determining the scope of the immunities provided in" section 844.6. "The use of the verb 'includes' rather than 'means' indicates this definition is not exhaustive, and other than the enumerated categories of 'prisoners' may exist. The Legislative

Committee Comment suggests a broad rather than a narrow interpretation . . . ."

The Notes suggest that the Legislative Committee comment to the effect that "the legislature intended wards of the juvenile courts to be classified in some circumstances as prisoners" raises "interpretative problems." However, the Notes make no suggestion as to how these problems should be solved, and, in spite of plaintiffs' intimation to the contrary, set forth nothing contrary to the interpretation we are placing on sections 844 and 844.6.

The fact that having originally been placed as a ward Leo later was returned to the custody of his mother without, however, being released as a ward of the court, and then, because of incorrigibility, again was placed elsewhere by the court, makes him no less a "prisoner" in the sense important here, nor does the fact that the drowning occurred while the director of the home had taken him on a vacation trip with other inmates of the home. Leo was in the director's custody.

The case of *Leroy T. v. Workmen's Comp. Appeals Bd.* (1974) 12 Cal. 3d 434 [115 Cal.Rptr. 761, 525 P.2d 665] is not in point. There the Workmen's Compensation Appeals Board refused to grant a juvenile court ward committed to a forestry camp injured in the course of working as a firebreaker, the workmen's compensation benefits provided by Welfare and Institutions Code section 883, part of the juvenile court law, but granted him the compensation benefits provided by Labor Code section 4458. Welfare and Institutions Code section 883, provides "Whenever any boy committed to [a forestry] camp is engaged in fire prevention work or the suppression of existing fires, he shall be subject to workmen's compensation benefits to the *same extent as a county employee,* and the [county] board of supervisors shall provide and cover any such boy committed to such camp while performing such service, with accident, death and compensation insurance *as is otherwise regularly provided for employees of the county.*" (Italics added.) Labor Code section 4458 prescribes that adult prison inmates injured while engaged in fire suppression activities are entitled only to the minimum benefits decreed by Labor Code sections 4452-4453. It was the board's position that, in spite of the express language of section 883 of the Welfare and Institutions Code, a boy committed to a forestry camp, and hence a ward of the juvenile court, should receive prescribed compensation benefits. The Legislature must have intended that he be considered a prison inmate for compensation benefits. While the reviewing court pointed out the differences between a juvenile court ward and a prison inmate, its decision was based on its finding that

section 883 was clear and meant just what it states. There is nothing in the opinion which in any way indicates that section 884.6 of the Government Code, the section with which we are dealing in the instant case, does not mean what it states, namely, that for purposes of public immunity a juvenile court ward, being an inmate of a correctional facility, is a "prisoner." In *Leroy T.*, the court was dealing with an attempt by the Workmen's Compensation Appeals Board to disregard completely a statute clear on its face, and in the case at bench we are dealing with the attempt of plaintiff to disregard a statute clear on its face.

Judgment affirmed.

Taylor, P. J., and Rouse, J., concurred.