[Civ. No. 14801. Fourth Dist., Div. One. Apr. 27, 1977.]

LLOYD WILLIAM SAHLEY, Plaintiff and Appellant, v.
COUNTY OF SAN DIEGO, Defendant and Respondent.

■■■■■■■■■■

**COUNSEL**

John E. Yeager for Plaintiff and Appellant.

McInnis, Fitzgerald, Rees & Sharkey, Cary W. Miller, James R. Milliken and John F. Mc Guire for Defendant and Respondent.

**OPINION**

**BROWN (Gerald), P. J.**—Lloyd William Sahley appeals the judgment on the pleadings dismissing his complaint against the County of San Diego for injuries suffered when he slipped and fell in a shower at the county jail.

■ Since he was a preconviction detainee at the time of his fall, Sahley argues he was not a "prisoner" and his suit is not barred by sovereign immunity.

The doctrine of governmental immunity, which exempts governmental agencies from having to answer for their torts, has a long and varied history. Most recently in California, the Supreme Court abolished the rule (*Muskopf* v. *Corning Hospital Dist.,* 55 Cal.2d 211 [11 Cal.Rptr. 89, 359 P.2d 457]), only to have the Legislature reinstate it with the Governmental Tort Claims Act of 1963. Government Code section 844.6 says in part:

> "(a) Notwithstanding any other provision of this part, except as provided in this section and in Sections 814, 814.2, 845.4, and 845.6, a public entity is not liable for:

> ". . . . . . . . . . . . . . . . . . .

> "(2) An injury to any prisoner."

A " 'prisoner' includes an inmate of a prison, jail or penal or correctional facility" (Gov. Code, § 844). The Legislative Committee comment on this section includes as prisoners persons in the custody of a law enforcement officer although undergoing medical treatment in a county hospital, those in work camps and those engaged in fire suppression; parolees are not. From case law, the deprivation of liberty by lawful process or some kind of involuntary restraint characterizes one's status as a prisoner or inmate (*Patricia J.* v. *Rio Linda Union Sch. Dist.,* 61 Cal.App.3d 278, 283 [132 Cal.Rptr. 211]; *Jiminez* v. *County of Santa Cruz,* 42 Cal.App.3d 407, 410 [116 Cal.Rptr. 878]; *Larson* v. *City of Oakland,* 17 Cal.App.3d 91, 96 [94 Cal.Rptr. 466]; *Datil* v. *City of Los Angeles,* 263 Cal.App.2d 655, 658 [69 Cal.Rptr. 788]). Thus, a person who has been booked is considered a prisoner (*Datil* v. *City of Los Angeles, supra,* 263 Cal.App.2d 655, 659) while persons who have been temporarily detained for investigation (*Larson* v. *City of Oakland, supra,* 17 Cal.App.3d 91, 97), juveniles who are wards of the court but in custody of their parents (*Patricia J.* v. *Rio Linda Union Sch. Dist., supra,* 61 Cal.App.3d 278, 287), and persons falsely imprisoned beyond the term of their prison sentences are not (*Sullivan* v. *County of Los Angeles,* 12 Cal.3d 710, 715 [117 Cal.Rptr. 241, 527 P.2d 865]). Here, Sahley was a preconviction detainee awaiting trial; he had been booked and arraigned; he was a "prisoner" for purposes of governmental immunity (see *Datil* v. *City of Los Angeles, supra,* 263 Cal.App.2d 655).

Judgment affirmed.

Cologne, J., and Staniforth, J., concurred.

A petition for a rehearing was denied May 12, 1977.