[Civ. No. 59120. Second Dist., Div. One. Jan. 8, 1982.]

MARCIA ANN LOWMAN, Plaintiff and Appellant, v.
COUNTY OF LOS ANGELES, Defendant and Respondent.

COUNSEL

Girardi, Keese & Crane and John A. Girardi for Plaintiff and Appellant.

Keenan & Tobin, Horvitz & Greines, Ellis J. Horvitz and Kent L. Richland for Defendant and Respondent.

OPINION

**DALSIMER, J.**—Plaintiff, Marcia Ann Lowman, appeals from the judgment entered against her as a result of an order granting the motion for summary judgment made by defendant, Los Angeles County (County). The sole issue that needs to be addressed is whether an action for the wrongful death of a prisoner may be maintained against a public entity.

FACTS

This case arises out of the death of plaintiff's husband, Brent Lowman. Mr. Lowman was arrested for burglary on March 1, 1976. Prior to trial, the court ordered that Mr. Lowman be taken to the jail ward of the Los Angeles County-USC Medical Center to be medically examined for heroin addiction. He died there on October 30, 1976.

Plaintiff filed a complaint for wrongful death against the Los Angeles County-USC Medical Center and 20 defendants designated by fictitious names. None of the hospital personnel who treated or examined plaintiff's husband were named as defendants. Plaintiff's second amended complaint alleged that County's hospital and doctors negligently "... diagnosed, monitored, cared for and treated the decedent ..." in such a manner as to cause death. County answered, pleading affirmative defenses including the bar of governmental immunity provided by Government Code section 844.6. All statutory references hereafter are

to the Government Code. County filed its motion for summary judgment on the ground, inter alia, that section 844.6 barred plaintiff's cause of action. In support of the motion, County's declaration recited plaintiff's affirmative responses to requests for admission establishing that decedent was in the custody of the Los Angeles County Sheriff's Department from October 19, 1976, through October 30, 1976, that he was held for medical examination in the jail ward of the Los Angeles County-USC Medical Center, and that he was a prisoner at the time of his death. The trial court granted County's motion, and judgment was entered accordingly.

## DISCUSSION

■ Plaintiff contends that public entities are not shielded by the immunity provided in section 844.6. At the time this action arose the section read in pertinent part as follows: "(a) Notwithstanding any other provision of this part, except as provided in this section and in Sections 814, 814.2, 845.4, and 845.6, a public entity is not liable for: . . . [¶] (2) An injury to any prisoner." Plaintiff argues that subdivision (a)(2) provides an exception which permits a wrongful death action because such an action ". . . is an entirely new cause of action created in the heirs and based on the death of the decedent as that death inflicted injury upon them. [Citation.]" (*Larcher* v. *Wanless* (1976) 18 Cal.3d 646, 656-657 [135 Cal.Rptr. 75, 557 P.2d 507], fn. omitted.) Essentially, plaintiff asserts that the immunity created by subdivision (a)(2) extends only to actions brought by or on behalf of a prisoner, and not to actions brought by third parties for injuries caused to them by reason of injury to a prisoner.

The phrase "[a]n injury to any prisoner," however, does not connote that immunity is dependent upon whether the plaintiff is a prisoner; rather, it predicates immunity upon the injury occurring to a prisoner. Moreover, section 810.8[1] defines the word "injury" as including death. Thus, subdivision (a)(2) precludes liability for the death of a prisoner caused by the negligence of a public entity. As was recognized in *Sanders* v. *County of Yuba* (1967) 247 Cal.App.2d 748, 751, footnote 1 [55 Cal.Rptr. 852], it is unreasonable to construe subdivision (a)(2) as failing to include actions for wrongful death. If the Legislature had

---

[1]Section 810.8 reads: "'Injury' means death, injury to a person, damage to or loss of property, or any other injury that a person may suffer to his person, reputation, character, feelings or estate, of such nature that it would be actionable if inflicted by a private person."

intended to preclude only those actions brought by a prisoner, it would not have defined the word "injury" to include death. Indeed, it would have established an anomaly in the law for the Legislature "... to withhold all tort actions against the public agency in favor of the injured man himself while resurrecting the action for the benefit of his heirs if he dies." (*Ibid.*)

Cases other than *Sanders* v. *County of Yuba* support the conclusion that subdivision (a)(2) precludes plaintiff's action for wrongful death. In *Jiminez* v. *County of Santa Cruz* (1974) 42 Cal.App.3d 407 [116 Cal.Rptr. 878] the court held that the drowning victim in a wrongful death action was a "prisoner" as that term is used in subdivision (a)(2), and affirmed a judgment in favor of the County of Santa Cruz. In affirming the judgment, the court necessarily ratified the trial court's conclusion that subdivision (a)(2) precluded wrongful death actions brought against a public entity by a prisoner's heirs. Similarly, the court in *Datil* v. *City of Los Angeles* (1968) 263 Cal.App.2d 655 [69 Cal.Rptr. 788] concluded that a wrongful death action based upon a detainee's death caused by another detainee was barred once the question whether pretrial detainees were "prisoners" was affirmatively answered.

*Garcia* v. *State of California* (1967) 247 Cal.App.2d 814 [56 Cal.Rptr. 80] held that the language of section 844.6, subdivision (c), which as originally enacted stated in part that "[n]othing in this section prevents a person, other than a prisoner, from recovering from the public entity for an injury resulting from the dangerous condition of public property ...," created an exception allowing actions for deaths of prisoners resulting from the dangerous condition of public property. The court stated, "No liability is imposed upon a public entity by reason of the death of a prisoner resulting from an act of the prisoner himself, acts of other prisoners, acts of prison employees, or acts of prison invitees, whether committed negligently or wilfully." (*Id.*, at p. 817.)

Our conclusion that subdivision (a)(2) is intended as a bar to wrongful death actions is also based on the legislative history of the 1970 revision of section 844.6. Following the decision in *Garcia* v. *State of California, supra,* 247 Cal.App.2d 814, the California Law Revision Commission, believing that section 844.6 was originally intended to preclude all wrongful death actions, recommended to the Legislature that the exception for dangerous conditions created in *Garcia* be eliminated. (9 Cal. Law Revision Com. Rep. (1969) pp. 825-826.) The Legislature

declined the suggestion of the commission as made, but did amend the statute. Apart from the substitution of "a" for "any," the language of subdivision (a)(2) was inserted in subdivision (c) by the Legislature. As amended, subdivision (c) provides in pertinent part that "[e]xcept for *an injury to a prisoner*, nothing in this section prevents recovery from the public entity for an injury resulting from the dangerous condition of public property . . . ." (Italics added.)

On the surface, the fact that explicit wording barring wrongful death actions was recommended by the Law Revision Commission but not adopted (see 9 Cal. Law Revision Com. Rep., *supra*, p. 841) may appear to suggest that the phrase "injury to [a or any] prisoner" in subdivisions (a)(2) and (c) is not intended to preclude wrongful death actions. (See Van Alstyne, Cal. Government Tort Liability Practice (Cont.Ed.Bar 1980) p. 348.) It is evident, however, that through the efforts of the Law Revision Commission the Legislature was aware of the contrary interpretation of the phrase in *Sanders, Garcia*, and *Datil*. Accepted principles of statutory construction dictate that we presume the Legislature acted in light of decisions which directly bear upon the language at issue. (*Estate of McDill* (1975) 14 Cal.3d 831, 839 [122 Cal.Rptr. 754, 537 P.2d 874].) Thus, it is clear that wording explicitly precluding wrongful death actions was unnecessary; the Legislature knew that a sufficient preclusion already existed in the statutory language. Moreover, to accept the opposing view would mean that inserting the phrase "injury to a prisoner" in subdivision (c) was an idle act not intended to abrogate the interpretation of that subdivision by the *Garcia* court. Such a result would be contrary to the principle that an amendment indicates a legislative intent to change the prior law. (*Eu* v. *Chacon* (1976) 16 Cal.3d 465, 470 [128 Cal.Rptr. 1, 546 P.2d 289].)[2]

The judgment is affirmed.

Lillie, Acting P. J., and Tucker, J.,* concurred.

---

[2]Since we have concluded that plaintiff's action is barred by section 844.6, we find it unnecessary to reach plaintiff's contention that section 855.8 creates liability on the part of a public entity for negligent treatment of narcotics addiction.

*Assigned by the Chairperson of the Judicial Council.