[No. A021142. First Dist., Div. One. Dec. 21, 1984.]

CLIFFORD D. FEARON, Plaintiff and Appellant, v.
DEPARTMENT OF CORRECTIONS et al.,
Defendants and Respondents.

**COUNSEL**

G. Scott Gaustad and Rawles, Hinkle, Carter, Brigham, Gaustad & Behnke for Plaintiff and Appellant.

John K. Van de Kamp, Attorney General, Seward L. Andrews and James M. Schiavenza, Deputy Attorneys General, for Defendants and Respondents.

**OPINION**

**THE COURT.**\*—Clifford D. Fearon appeals from a judgment on the pleadings dismissing his complaint for conversion of a silver belt buckle based upon the governmental immunity provisions of Government Code section

---

\*Before Racanelli, P. J., Elkington, J., and Newsom, J.

844.6. Fearon argues on appeal that he was not a "prisoner" within the terms of section 844.6 at the time the conversion took place and is not, therefore, barred from bringing this action.

■ When reviewing judgments entered on the pleadings, a court indulges every reasonable presumption in favor of appellant's claim. (*Crain* v. *Electronic Memories & Magnetics Corp.* (1975) 50 Cal.App.3d 509, 512 [123 Cal.Rptr. 419].) With this standard in mind, the following facts from appellant's complaint are considered.

Appellant was incarcerated in several state prisons between the dates of October 9, 1970, and December 5, 1975. When he first entered prison, his silver belt buckle, valued by him at $200,000, was taken by prison officials for safekeeping until his release. After he was released on parole on December 5, Fearon demanded his property and was told that it had been lost. After various futile attempts to obtain his property, Fearon filed the instant complaint on February 6, 1978, alleging negligent loss of the property and conversion.

The superior court granted the state's motion for judgment on the pleadings and dismissed the complaint based solely upon the immunity set forth in Government Code section 844.6.

Fearon argues that because he was paroled prior to the time the state refused to return his property, he was not a "prisoner" and therefore, the statutory immunity does not apply. The relevant portion of Government Code section 844.6 provides: "a public entity is not liable for: (1) An injury proximately caused by any prisoner. (2) An injury to any prisoner." ■ The term "prisoner" is defined in Government Code section 844 as including: "an inmate of a prison, jail or penal or correctional facility." In the legislative committee comment following section 844, it is stated that "a person on parole would not be considered to be a prisoner." (See legis. committee com., Deering's Ann. Gov. Code (1982 ed.), § 844, p. 317.)

The term "prisoner" does not include a juvenile ward released to the care of his parents (*Patricia J.* v. *Rio Linda Union Sch. Dist.* (1976) 61 Cal.App.3d 278 [132 Cal.Rptr. 211]) or a person arrested and handcuffed in a police car but not yet jailed. (*Griffith* v. *City of Monrovia* (1982) 134 Cal.App.3d Supp. 6 [184 Cal.Rptr. 709].) The comment of the legislative committee accompanying Government Code section 844, and the above cases, make it clear that a person on the way to prison and a parolee on the way out of prison are not prisoners and are not, therefore, barred from bringing a tort action against a public entity.

A question as to Fearon's status is raised by an allegation in the complaint that appellant's property was negligently lost during the time that he was incarcerated. It seems logical that a determination of which actions may be brought by a parolee should be governed by the status of the parolee at the time the injury took place. The definition of "injury" for purposes of the immunity statutes includes "damage to or loss of property." (Gov. Code, § 810.8.) Fearon's first cause of action for negligence alleges that defendants "carelessly and negligently failed to safeguard, keep maintain and hold plaintiff's property in trust while he was in the state prison system, . . ." Thus, the injury alleged in appellant's first cause of action is a negligent loss which took place while he was a prisoner. The claim is, therefore, barred by the terms of the immunity statute.[1]

The second cause of action alleges that on the date of his parole, Fearon had the right to immediate possession of the belt buckle and that defendants refused, on demand, to deliver the property to Fearon and "converted it to their own use." A conversion can occur when a willful failure to return property deprives the owner of possession. (*Schroeder* v. *Auto Driveaway Co.* (1974) 11 Cal.3d 908, 918 [114 Cal.Rptr. 622, 523 P.2d 662].) Thus, it appears that Fearon has sufficiently alleged a claim for a conversion which occurred while he was on parole. The second cause of action should not have been dismissed.[2]

Fearon also requested leave to amend to add a request for a writ of mandate to compel return of his property.[3] This was denied due to the erroneous conclusion that he was a "prisoner." A court has discretion as to whether or not such an amendment should be allowed. (3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 1040, pp. 2618-2620.) Due to its mistaken conclusion that Fearon was barred from asserting this claim, the court never exercised its discretion regarding the request to amend.

---

[1]Appellant argues that he has alleged sufficient facts to state a cause of action for breach of contract. It appears from a review of the complaint that the first cause of action alleges facts to indicate the existence of a bailment contract. (9 Cal.Jur.3d, Bailments, §§ 1, 3, pp. 117, 119-120.) Although a claim of breach of contract is an exception to the immunity at issue (Gov. Code, § 814), this claim would be barred by the statute of limitations. (Code Civ. Proc., § 339, subd. (1).)

[2]Because the resolution of the issue of appellant's status establishes his right to pursue his conversion cause of action, it is not necessary to consider his assertion that even a prisoner can assert a tort claim for return of specific property. (See *Minsky* v. *City of Los Angeles* (1974) 11 Cal.3d 113 [113 Cal.Rptr. 102, 520 P.2d 726]; *Holt* v. *Kelly* (1978) 20 Cal.3d 560, 565 [143 Cal.Rptr. 625, 574 P.2d 441].)

[3]It appears that the state has a mandatory duty to account for such property pursuant to Penal Code section 2085: "The department shall keep a correct account of all money and valuables upon the prisoner when delivered at the prison, and shall pay the amount, or the proceeds thereof, or return the same to the prisoner when discharged." In addition, a tort cause of action may be asserted for return of specific property. (3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 554, pp. 2194-2197.)

The judgment is affirmed as to the first cause of action and reversed as to the second. The trial court is directed to consider appellant's request to amend his complaint.