[No. B032655. Second Dist., Div. Six. Jan. 20, 1989.]

ROBERT WAYNE BADIGGO et al., Plaintiffs and Appellants, v. COUNTY OF VENTURA, Defendant and Respondent.

COUNSEL

Scovis & Scovis for Plaintiffs and Appellants.

Fisher & Prager and Girard Fisher for Defendant and Respondent.

OPINION

**GILBERT, J.**—Plaintiffs Robert and Maria Badiggo appeal the summary judgment entered in favor of the County of Ventura. We affirm and hold that the county is immune from liability for injuries Badiggo suffered while confined at the county's work furlough facility. (Gov. Code,[1] §§ 844, 844.6.)

---

[1] All statutory references are to the California Government Code unless otherwise stated.

FACTS

Plaintiff Robert Wayne Badiggo brought this action for personal injuries suffered when he fell descending the stairs at the Ventura County work furlough facility. His wife also sued for her loss of consortium. The county brought a motion for summary judgment, contending that it was immune from liability under sections 844 and 844.6 for injuries occurring to a prisoner. Declarations and passages from depositions offered by the parties at that motion established the following:

Badiggo was convicted of several misdemeanor offenses and sentenced, inter alia, to serve 85 days in the county jail. He applied for and was permitted to serve this time at the Ventura County Work Furlough Corrections Facility in Camarillo. Corrections officials permitted him to leave the facility at 11:30 each evening to continue his employment as a cook at Granny's restaurant. He returned at 6:30 each morning and remained confined until he left for work that evening. Shortly before 11:30 one evening, Badiggo fell as he walked down an interior stairway to check out of the facility to work.

Richard L. Humeston, the division manager of the facility, declared that the California State Board of Corrections classified the facility as a "[c]lass 4 security jail" and monitored its operation. The Corrections Services Agency, a law enforcement agency, administered the program at the facility. Lester McGarrah, a supervisor at the facility, declared that an inmate could not leave until his work schedule was verified and he was "processed": "Until a prisoner is processed, he is absolutely prohibited from leaving the confinement of the Work Furlough Facility."

The trial judge found that Badiggo was a prisoner at the time of the accident and that he fell within the facility. The judge then granted the county's motion for summary judgment against Mr. and Mrs. Badiggo. The Badiggos appeal and challenge Badiggo's status as a "prisoner" within sections 844 and 844.6 and argue that Mrs. Badiggo may recover, nevertheless, for her husband's injuries.

DISCUSSION

I.

■ Badiggo contends that he was not a "prisoner" and the work furlough facility was not a "jail" within sections 844 and 844.6. He argues that he was confined at the facility by choice and not by an order of court. He points out that the facility lacks the usual characteristics of a jail or prison

because inmates are permitted to leave the facility to pursue employment and education and are required to reimburse the county for the costs of their confinement. He also asserts that he was no longer "confined as a 'prisoner' " upon leaving his room to check out of the facility. These arguments lack merit.

Section 844.6, subdivision (a)(2) immunizes a public entity for injuries caused to any prisoner except for limited exceptions not pertinent here. Section 844 defines a prisoner as "an inmate of a prison, jail or penal or correctional facility." The California Law Revision Commission, in recommending revision of the doctrine of sovereign immunity, concluded that with respect to prisoners "no tort liability should be admitted for damages sustained as the consequence of conditions which are common to all inmates and which simply represent a reasonable application of general policy determinations by responsible prison or jail authorities with respect to the administration of such institutions." (5 Cal. Law Revision Com. Rep. (Jan. 1963) p. 425; see also *Patricia J.* v. *Rio Linda Union Sch. Dist.* (1976) 61 Cal.App.3d 278, 285 [132 Cal.Rptr. 211].)

Penal Code section 1208 provides for the creation and operation of work furlough facilities to be administered by "the sheriff, the probation officer, the director of the county department of corrections, or the superintendent of a county industrial farm . . . ." (Pen. Code, § 1208, subd. (a).) The work furlough administrator possesses the discretion to admit a prisoner to the program. (Pen. Code, § 1208, subd. (b).) The statute also authorizes the transfer of custody of prisoners from the local sheriff or department of corrections to the work furlough administrator. (Pen. Code, § 1208, subd. (a).) A prisoner who is not employed or attending classes "shall be confined in the facility . . . unless the work furlough administrator directs otherwise." (Pen. Code, § 1208, subd. (d).) Subdivision (e) of the statute requires an employed prisoner to pay the costs of his confinement at the facility.

Judicial decisions construing the definition of prisoner within sections 844 and 844.6 have focused upon the element of confinement due to court commitment or legal process. (*Sahley* v. *County of San Diego* (1977) 69 Cal.App.3d 347, 349 [138 Cal.Rptr. 34].) Thus, in *Patricia J.* v. *Rio Linda Union Sch. Dist., supra,* 61 Cal.App.3d 278, 287, the court concluded that a juvenile ward placed in a private home was not a "prisoner" because he was not confined in a correctional facility or institution under the authority of law enforcement or legal process. For that reason, an arrestee handcuffed and restrained in a police car was held not to be a prisoner. (*Griffith* v. *City of Monrovia* (1982) 134 Cal.App.3d Supp. 6, 10 [184 Cal.Rptr. 709].) The decisions also hold that the confinement or restraint may result from either court commitment or lawful process. (*Sahley, supra,* at p. 349; *Jiminez* v.

*County of Santa Cruz* (1974) 42 Cal.App.3d 407, 410-411 [116 Cal.Rptr. 878].)

Here Badiggo's restraint satisfies the element of confinement according to court commitment or legal process. (*Sahley* v. *County of San Diego, supra,* 69 Cal.App.3d at p. 349.) Penal Code section 1208 authorizes work furlough facilities and requires a prisoner's confinement unless he is engaged in employment, education or other activities permitted by the administrator. The declarations of the manager and supervisor of the Camarillo facility state that the facility was a class 4 jail supervised by a law enforcement agency and that prisoners were confined until they were "processed" to leave the facility to work. Despite Badiggo's payment to the county for the costs of his confinement, he was still restrained and not permitted to leave the facility until he checked out at 11:30 p.m.

*Fearon* v. *Department of Corrections* (1984) 162 Cal.App.3d 1254 [209 Cal.Rptr. 309] does not assist Badiggo. There, a parolee sued prison officials for the negligent loss of a silver belt buckle and for its conversion. He alleged the negligent loss occurred " '. . . while he was in the state prison system . . .' " and the conversion occurred "on the date of his parole." (*Id.,* at p. 1257.) The court concluded that the immunity conferred by section 844.6 barred the cause of action for negligence but not conversion. In so holding, the court observed that the legislative committee comment to section 844 stated specifically that a parolee was not a prisoner. (*Id.,* at p. 1256.) Here, Badiggo's injuries occurred on an interior stairway before he checked out of the facility. That he was not engaged in prison business when he fell is of no importance. What matters is that he was a prisoner confined to a correctional facility at the time as a matter of law.

## II.

■ Mrs. Badiggo contends that the immunity conferred by section 844.6 does not prevent her cause of action for loss of consortium. She cites *Garcia* v. *State of California* (1967) 247 Cal.App.2d 814 [56 Cal.Rptr. 80], a decision permitting the heirs of a deceased prisoner to bring a wrongful death action against the state. *Garcia* held that the then version of section 844.6, subdivision (c) "unequivocally" gave the heirs that right. (*Id.,* at p. 816.)

In 1970 the Legislature amended subdivision (c) of section 844.6 to provide that "[e]xcept for an injury to a prisoner, nothing in this section prevents recovery from the public entity for an injury resulting from the dangerous condition of public property under Chapter 2 . . . of this part." By this amendment, the Legislature intended that public entities be immune from claims of both prisoners and their heirs for the dangerous condition of

public property. (*May* v. *County of Monterey* (1983) 139 Cal.App.3d 717, 720-721 [189 Cal.Rptr. 63]; *Lowman* v. *County of Los Angeles* (1982) 127 Cal.App.3d 613, 615 [179 Cal.Rptr. 709].) "The phrase '[a]n injury to any prisoner,' however, does not connote that immunity is dependent upon whether the plaintiff is a prisoner; rather, it predicates immunity upon the injury occurring to a prisoner." (*Ibid.*) For this reason, Mrs. Badiggo's claim is also barred by section 844.6.

Accordingly, the judgment is affirmed.

Stone (S. J.), P. J., and Abbe, J., concurred.