156 N.J. Super. 198 (1978)
383 A.2d 744
CHARLES WHITE, PLAINTIFF-APPELLANT,
v.
BOSIE LEWIS, LIEUTENANT S. HORNYAK ET AL., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued January 24, 1978.
Decided February 14, 1978.
*199 Before Judges LYNCH, BISCHOFF and KOLE.
Mr. Charles P. Allen, Jr. argued the cause for appellant (Messrs. Dietrich, Allen & St. John, attorneys).
*200 Mr. Gerald A. Hughes argued the cause for respondent (Messrs. Levy, Levy, Albert & Marcus, attorneys).
The opinion of the court was delivered by KOLE, J.A.D.
Plaintiff and defendant Lewis were arrested, while under the influence of intoxicating beverages, by two police officers of the City of Trenton. They were transported to Trenton police headquarters and placed in the same jail cell. For the purpose of this proceeding we must assume that the municipal defendants  the city, its police department, the persons in charge of the police station, and all of the officers, jail guards and municipal personnel involved when plaintiff and Lewis were placed in the same cell  (1) knew that Lewis had a prior history of violence, including violent crimes, (2) had received requests from Lewis and plaintiff that they be separated because of Lewis' assaultive tendencies, and (3) notwithstanding such knowledge and requests and the availability of an empty cell, placed and kept plaintiff and Lewis in the same cell. While in the cell Lewis severely assaulted plaintiff.
The complaint charged defendants municipality, its police department and the municipal personnel with negligence and willful, wanton and gross negligence that proximately caused plaintiff's injuries. Damages were sought against them under the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 et seq. (the act). The trial judge, on motion, entered orders on the merits in favor of such defendants. Plaintiff appeals.[1]
Plaintiff contends that, as an "arrestee-detainee," he was not a "prisoner" within the meaning of the Act; that a special relationship was created by the arrest prior to adjudication of guilt which is an exception to the prisoner immunity provided by the act, and that the facts here warrant *201 an exception to the rule of sovereign immunity. We disagree.
We have concluded that the municipality, its police department and their employees are immune from liability in this case by reason of the plain language of N.J.S.A. 59:5-2(b)(4) and the purpose of that provision. It provides that neither a public entity nor a public employee is liable for "any injury caused by * * * a prisoner to any other prisoner." The act does not define the term "prisoner." The comment following N.J.S.A. 59:5-2, however, states in pertinent part:
Subsection (a) [immunizing from liability a public entity and employee for any injury resulting from the parole or release of a prisoner or from the terms and conditions of his parole or release or from the revocation of his parole or release] involves a particular type of discretionary activity which should not be subject to threat of tort liability.
Subsection (b) reflects the judgment that governmental liability should not be extended beyond reasonable limits.
Subsection b(4) also recognizes the practical problems inherent in supervising prisoners and particularly in preventing injuries caused by one prisoner upon another. While it is necessary to provide supervision, the decision to do so for the purpose of preventing inter-prisoner injuries should not be threatened with tort liability nor should the actions of prison guards in reacting to situations which may give rise to such injuries. Thus, this provision (as it relates to injuries to another prisoner) specifically rejects the reasoning of the Appellate Division in Harris v. State, 118 N.J. Super. 384 (1972). [Emphasis added][2]
Harris v. State, 118 N.J. Super. 384 (App. Div. 1972), rev'd 61 N.J. 585 (1972), involving a claim prior to the effective date of the act, held that jail personnel could be *202 individually liable for negligence in failing adequately to protect prisoners against assaults by other prisoners. In its opinion reversing the Appellate Division the Supreme Court noted that the act (which was inapplicable to the case before it) "contains a sweeping provision that neither a public entity nor a public employee shall be liable for injury caused by a `prisoner to any other prisoner.'" 61 N.J. at 589.
We have no doubt that N.J.S.A. 59:5-2(b)(4) was intended to insulate a public entity and employee from liability where a prisoner is injured by another prisoner, even if the employee is negligent or grossly negligent in carrying out what may be considered ministerial duties. The ministerial-discretionary duty dichotomy is of no significance under this provision. See Burg v. State, 147 N.J. Super. 316 (App. Div. 1977), certif. den. 75 N.J. 11 (1977). We are also satisfied that although "prisoner" is not defined in the act, the term must be given its usual meaning in the context of this case  i.e., any person who is confined in jail, whether after arrest and before conviction, or after conviction.
An analysis of the provisions of N.J.S.A. 59:5-2(b), of which subsection (4) is a part, supports this conclusion.
N.J.S.A. 59:5-2(b) differentiates between (1) an escaping prisoner, (2) an escaping person, (3) a person resisting arrest and (4) a prisoner. The statute obviously contemplates that one who is incarcerated will be considered a prisoner. A "person resisting arrest" and an "escaping person" clearly refer to one not yet behind bars, whereas "prisoner" logically refers at least to a person in a jail cell, irrespective of whether he had been just arrested, or had been convicted, for an offense.
Since the act was modeled after the comparable California statute, Burg v. State, supra, 147 N.J. Super. at 322, guidance may be sought from the California decisions dealing with the issue before us. They also support our determination. See Sahley v. County of San Diego, 69 Cal. App.3d 347, 138 Cal. Rptr. 34 (D. Ct. App. 1977); Jiminez v. *203 County of Santa Cruz, 42 Cal. App.3d 407, 116 Cal. Rptr. 878 (D. Ct. App. 1974); Larson v. City of Oakland, 17 Cal. App.3d 91, 94 Cal. Rptr. 466 (D. Ct. App. 1971); Datil v. City of Los Angeles, 263 Cal. App.2d 655, 69 Cal. Rptr. 788 (D. Ct. App. 1968). See also Sullivan v. County of Los Angeles, 12 Cal.3d 710, 117 Cal. Rptr. 241, 527 P.2d 865 (Sup. Ct. 1974). Compare Patricia J. v. Rio Linda Union School District, 61 Cal. App.3d 278, 132 Cal. Rptr. 211 (D. Ct. App. 1976).
We find Malloy v. State, 148 N.J. Super. 15 (App. Div. 1977), relied upon by plaintiff, to be inapposite. Unlike the statutory provision discussed in Malloy, the one in the present case makes no distinction between discretionary and ministerial functions or duties of public employees with respect to the kind of prisoner tort here involved.
We have considered all of plaintiff's contentions and find them to be without merit.
Affirmed.
NOTES
[1] The sole remaining defendant is Lewis, who committed the assault and battery against plaintiff.
[2] The comment is from the Report of the Attorney General's Task Force on Sovereign Immunity (May 1972).

Subsection (b) of N.J.S.A. 59:5-2 also immunizes from tort liability a public entity and a public employee for any injury caused not only by a prisoner to another prisoner but also by (1) an escaping or escaped prisoner, (2) an escaping or escaped person, and (3) a person resisting arrest.