240 N.J. Super. 128 (1990)
572 A.2d 1160
ROBERT M. POPEK, GUARDIAN AD PROSEQUENDUM OF THE ESTATE OF ROBERT A. POPEK, AND ROBERT A. POPEK, INDIVIDUALLY, PLAINTIFFS-APPELLANTS,
v.
STATE OF NEW JERSEY, DEPARTMENT OF HUMAN SERVICES; SHERIFF OF PASSAIC COUNTY; PASSAIC COUNTY BOARD OF CHOSEN FREEHOLDERS; JOHN DOE AND JANE DOE (FICTITIOUS NAMES FOR PERSONS WHOSE IDENTITIES ARE PRESENTLY UNKNOWN), DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted January 8, 1990.
Decided January 31, 1990.
*129 Before Judges PETRELLA, HAVEY and STERN.
Ivy Starr Minely, attorney for appellants.
*130 Peter N. Perretti, Jr., Attorney General, attorney for respondent Department of Human Services (Mary C. Jacobson, Deputy Attorney General, of counsel; Madeline W. Mansier, Deputy Attorney General, on the brief).
Ronca, McDonald & Hanley, attorneys for respondents Sheriff of Passaic County and Passaic County Board of Chosen Freeholders (Joseph F. Trinity, on the brief).
The opinion of the court was delivered by PETRELLA, P.J.A.D.
Plaintiffs Robert M. Popek, as guardian, and his son Robert A. Popek, sued the State Department of Human Services (Department), the Sheriff of Passaic County and the Passaic County Board of Freeholders[1] in connection with injuries received by Robert A. Popek while a patient in the care and custody of Greystone Park Psychiatric Hospital (Greystone). The complaint alleged that he was assaulted by various persons in Greystone's custody and that his injuries were due to the "negligent formulation of policy, administration of policy, care and custody and supervision of those individuals coming under their [Greystone's] purview." Breach of contract causes of action were also asserted as well as claims based on willful, wanton or reckless disregard of the rights of a patient. The Department as well as the County officials were granted summary judgment on their respective motions based on certain immunity provisions (N.J.S.A. 59:6-7) of the Tort Claims Act, N.J.S.A. 59:1-1 et seq.
Plaintiff seeks to reverse the grants of summary judgment on various grounds which may be essentially summarized as: (1) the State waived immunity under the Tort Claims Act by a consent order entered June 29, 1977 in another case;[2] (2) *131 patients committed to psychiatric hospitals such as Greystone have a constitutional right to be protected from harm while institutionalized; (3) no justification remains for the immunity in N.J.S.A. 59:6-7(b); (4) defendants are liable under other provisions of the Tort Claims Act for injuries suffered by plaintiff; and (5) the defendants are liable under the New Jersey Contractual Liability Act, N.J.S.A. 59:13-1 et seq.
For purposes of the motions, certain matters were stipulated and defendants conceded the factual contentions asserted by plaintiffs.
In the enactment of the Tort Claims Act the Legislature has set forth the public policy of this State, N.J.S.A. 59:2-1:
a. Except as otherwise provided by this act, a public entity is not liable for an injury, whether such injury arises out of any act or omission of the public entity or a public employee or any other person.
b. Any liability of a public entity established by this act is subject to any immunity of the public entity and is subject to any defenses that would be available to the public entity if it were a private person.
The comment to N.J.S.A. 59:2-1 states in pertinent part:
In the absence of a comprehensive statute the New Jersey Supreme Court has developed the analytical approach that courts "ought not to be ... asking why immunity should not apply in a given situation but rather ... asking whether there is any reason why it should apply." B.W. King, Inc. v. West New York, 49 N.J. 318, 325, 230 A.2d 133 (1967). This approach is no longer necessary in light of this comprehensive Tort Claims Act. Rather the approach should be whether an immunity applies and if not, should liability attach. It is hoped that in utilizing this approach the courts will exercise restraint in the acceptance of novel causes of action against public entities [emphasis in original]. Subsection (b) is intended to insure that any immunity provisions provided in the act or by common law will prevail over the liability provisions. It is anticipated that the Courts will realistically interpret both the statutory and common law immunities in order to effectuate their intended scope [emphasis added].
See also Rochinsky v. State of N.J. Dept. of Transp., 110 N.J. 399, 541 A.2d 1029 (1988).
N.J.S.A. 59:6-7(b), the pertinent immunity provision of the New Jersey Tort Claims Act, provides:
Neither a public entity nor a public employee is liable for:
* * * * * * * *

*132 b. an injury caused by any person who has been confined for mental illness or drug dependence upon any other person so confined.
The comment to N.J.S.A. 59:6-7 does not offer direct assistance in interpreting this section, but states "This provision is prompted by reasoning similar to that contained in the comment to section 59:5-2 of this act." N.J.S.A. 59:5-2(b)(4) provides immunity to public entities for "any injury caused by ... a prisoner to any other prisoner." The comment to that section states:
Subsection b(4) also recognizes the practical problems inherent in supervising prisoners and particularly in preventing injuries caused by one prisoner upon another. While it is necessary to provide supervision, the decision to do so for the purpose of preventing inter-prisoner injuries should not be threatened with tort liability nor should the actions of prison guards in reacting to situations which may give rise to such injuries. Thus, this provision (as it relates to injuries to another prisoner) specifically rejects the reasoning of the Appellate Division in Harris v. State, 118 N.J. Super. 384, 288 A.2d 36 ([App.Div.] 1972).
In discussing the application of this section, we stated in White v. Lewis, 156 N.J. Super. 198, 202, 383 A.2d 744 (App.Div. 1978):
We have no doubt that N.J.S.A. 59:5-2(b)(4) was intended to insulate a public entity and employee from liability where a prisoner is injured by another prisoner, even if the employer is negligent or grossly negligent in carrying out what may be considered ministerial duties.
The legislative rejection of the rationale in Harris v. State, 118 N.J. Super. 384, 288 A.2d 36 (App.Div. 1972), rev'd 61 N.J. 585, 297 A.2d 561 (1972), clearly demonstrates the Legislature's intent to provide absolute immunity for public entities and their employees when their negligence enables one prisoner to injure another. In our view, the legislative intent is equally clear in the enactment of N.J.S.A. 59:6-7(b) with respect to patients at state psychiatric institutions.
We have considered plaintiffs' contentions in light of the record and the arguments in the briefs and conclude that they are without merit. R. 2:11-3(e)(1)(E). We add the following brief comments. We consider untenable plaintiffs' argument that the 1977 consent order entered into by the Attorney General in the settlement of a class action case somehow repeals N.J.S.A. 59:6-7(b). Obviously, the Attorney General *133 cannot repeal a law passed by the Legislature and enacted by the Governor. Moreover, the consent order was for the purpose of guaranteeing patient rights under enumerated state statutes. Although that case involved an action brought against the State, the State undertook in the consent order to do what it was indeed obligated to do: use its best efforts to ensure that patients in the institution are kept free from physical harm arising from other patients, the hospital staff or from conditions in the hospital environment. Nothing in that consent order purported to waive immunity or abrogated the necessity of any person or entity to comply with the Tort Claims Act, and indeed it is difficult to see how it could.
In challenging the constitutionality of the immunity provision, plaintiffs rely upon cases such as Youngberg v. Romeo, 457 U.S. 307, 102 S.Ct. 2452, 73 L.Ed.2d 28 (1982); Gann v. Schramm 606 F. Supp. 1442 (D.Ct.De. 1985); and Sabo v. O'Bannon, 586 F. Supp. 1132 (E.D.Pa. 1984). These cases were essentially brought under 42 U.S.C. § 1983. Plaintiffs in the instant case, however, have not pleaded a civil rights action, nor have they asserted that there had been restraints placed on any liberty interest of Robert A. Popek. However, even if they had pleaded a civil rights action it would not be viable because plaintiffs alleged negligence by the governmental entity itself, and the due process clause is not implicated by negligent acts of state officials which cause unintended loss or injury. Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); Davidson v. Cannon, 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986). Moreover, the State of New Jersey is not a "person" under 42 U.S.C.A. § 1983. Will v. Michigan Dept. of State Police, 491 U.S. ___, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Furthermore, summary judgment is not necessarily inappropriate where the constitutionality of a statute is an issue. See Holman v. Hilton, 542 F. Supp. 913 (Dist.N.J. 1982); Maule v. Conduit & Foundation Corp., 124 N.J. Super. 488, 307 A.2d 651 (Law Div. 1973).
*134 Plaintiffs cannot rely upon N.J.S.A. 59:4-2 which provides for liability in the event of a dangerous condition to public property. Dangerous conditions to property are distinguishable from dangerous activities. Ross v. Moore, 221 N.J. Super. 1, 533 A.2d 398 (App.Div. 1987). Failure to properly supervise falls into the category of dangerous activities. Under the Tort Claims Act, if a specific liability provision is applicable, as here, it is clear that the specific immunity applies notwithstanding the specific liability provision. See N.J.S.A. 59:2-1(b) and Comment.
The Contractual Liability Act is clearly inapplicable to plaintiffs' claims. Although we recognize that the State effectively waives sovereign immunity from liability arising out of an express or implied contract, N.J.S.A. 59:13-3, plaintiffs have not demonstrated the existence of an implied contract. Even if they had, plaintiffs have not followed the procedures necessary to prosecute such a claim. N.J.S.A. 59:13-5.
Affirmed.
NOTES
[1] We refer to the Sheriff and the Board of Freeholders herein as the County or County officials unless specifically indicated otherwise.
[2] Jane Doe, et al. v. Ann Klein, et al., Docket No. L-12088-74 P.W.